HORACE HANER, Appellant

*vs.*

THE TOWN OF POLK, Respondent.

The legal effect of dismissing an appeal, is to restore the judgment appealed from.

When the circuit court has obtained jurisdiction of a cause, on appeal, it is irregular upon dismissing the appeal, to vacate and set aside the justice's judgment.

Where a party, defendant before a justice, appeals from a judgment rendered against him, and the cause being regularly entered in the circuit court the plaintiff fails to appear and prosecute, the court may order a discontinuance.

Town supervisors may defend an action brought against the town, or take an appeal in such action, without being expressly authorized by a vote of the town electors for that purpose.

In the month of November, 1856, the plaintiff recovered judgment against the defendant before Walter Demmon, a justice of the peace, of the town of West Bend, in said county, for the sum of $57,46. Thomas Jenner and other persons, describing themselves as supervisors of the town of Polk, made an affidavit, and executed a recognizance for appeal. The recognizance was executed thus: " The Town of Polk, by Thomas Jenner, &c., supervisors." It does not appear that the Town ever authorized the appeal to be taken. The circuit court, at October term, 1857, the defendant having noticed the cause for trial, and the plaintiff not appearing, reversed the judgment below, and rendered judgment against the plaintiff for costs.

*Foster & Williams*, for appellant.

I. The circuit court got no jurisdiction, for there was no appeal.

The mode of defending suits by a town is prescribed in R. S., p. 118, sec. 2.

The supervisors cannot, without express authority from the electors, defend any suit. Their powers are defined R. S., p.

126, secs. 55 to 59. They have no other powers than such as are expressly given by statute. They cannot *defend* any suit R. S. p. 126, § 58 ; 4 Hill, 136. They can *bring* certain suits, but only in their *name of office.*

II. It cannot be suggested, that the electors *may* have ratified the acts of those who tried to appeal in this case. The authority of an agent must appear. *McCullough* vs. *Moss*, 5 Denio, 567. *The People* vs. *Utica Ins. Co.*, 15 J. R., 358–383. The suggestion that there was not time to call a town meeting, cannot prevail, for that cannot give to any one the right to act as agent for the town. The legislature are not obliged to give an appeal. Private individuals cannot carry on any suit in behalf of a town. *Denton* vs. *Jackson*, 2 Johns. Chy. R., 335.

*Thorp and Shelley*, for respondent.

Each organized town is a body corporate, and can sue and be sued. Rev. Stat. 118, sec. 1 ; Id. page 307, sec. 1.

The supervisors of a town, have charge and control of all such affairs of a town as are not by law made the duty of other officers. Rev. Stat. 126, chap. 12, sec. 55. When a public office is created by statute, an implied authority is conferred on the officer to prosecute or defend all suits as incident to his office ; and although the statute gives the right to the supervisors of a town to sue in certain cases, it by no means proves that the power would not have existed, independently of the statute ; nor does it negative the existence of the power as incident to the office. *Janssen, Supervisor of Kingston* vs. *Ostrander*, 1 Cowen's Repts. 670 to 684 ; *Ford and McCord* vs. *Birdsall*, 1 Cow. 260 ; *Overseers of Pittstown* vs. *Overseers of Platsburg*, 18 J. R. 418.

The supervisors of a town, by virtue of their general powers as supervisors, and without the delegation of any special authority for that purpose, have authority to prosecute and defend all suits to which their town is a party. *Union* vs. *Crawford*, 19 Conn. 331, Rev. Stat. 126, ch. 12, sec. 55. Rev. Stat. 448, sec. 40, 1 Cowen's Treat. 590, 13 Wend. 85.

If the respondents' appeal was irregularly taken, the appellant should have brought the irregularity before the court below as required by rule 22 of the circuit court. *Baxter vs. Arnold*, 9 Howard's Prac. Repts. 445 ; *Bowman* vs. *Sheldon*, 5 Sand. 660 ; *Roche* vs. *Ward*, 7 Howard's Prac. Repts. 416 ; *Mann* vs. *Brooks*, do. 457.

If any expressed authority from the electors of a town were necessary to enable the supervisors to prosecute and defend suits, on behalf of a town, that authority need not appear unless questioned by the adverse party. *Banks* vs. *Poitaux*, 3 Rand. 136 ; *Union Bank* vs. *Ridgely*, 1 Harr. and Gill, 324 ; *Haven* vs. *City of Lowell*, 5 Met. 35.

*By the Court*, COLE, J. The record in this case is very meagre, and as it now stands, presents the following state of facts. This action was commenced by the appellant before a justice of the peace against the town of Polk, to recover damages which he had sustained on account of his team, (a yoke of oxen), falling through a defective bridge over Cedar creek, on the highway in that town ; in consequence of which fall, one of the oxen was injured to such an extent that he died. The cause was tried by a jury, on the 25th of November, 1856, and a verdict given for the appellant for forty-four dollars damages, upon which verdict the justice rendered a judgment for that amount and costs of suit. The supervisors of the town took an appeal from this judgment to the circuit court of Washington county. At a special term of the circuit court of Washington county held at Horicon in June, 1857, the counsel for Haner filed a motion to dismiss the appeal for several reasons set forth in the motion. What action—if any—was had upon this motion we are unable to determine from the record. There is nothing to show that the motion was ever called up or decided. The counsel for the supervisors gave notice of trial at the Oct. term of the circuit court, and on the 15th of October, the fol-

lowing order or judgment was entered in the cause. After entitling the cause, &c.:

"This cause having been called on in its order on the calen-
"dar, and no one appearing for the said appellee, and it further
"appearing that due notice of trial has been served on the
"said appellee, and on motion of Thorp & Shelly, attorneys
"for the said appellant, ordered that this action be and the
"same is hereby dismissed, with costs; and that the judgment
"heretofore rendered in this action by Walter Denmore, Esq.,
"a justice of the peace in and for said county, against the said
"appellant, and in favor of the said appellee, be, and the same
"is hereby vacated, annulled, and quashed." And it is from
this order or judgment that an appeal is taken to this court.
We suppose the legal effect and operation of dismissing the
appeal was to restore the judgment rendered by the justice.
And we think it was irregular and improper, for the circuit
court after having lost jurisdiction of the cause by dismissing
it, to go on and vacate and set aside the justice's judgment.
Section 267 of the code provides, that the appeal may be
brought to a hearing at a regular term of the appellate court,
upon a notice by either party of not less than eight days.

The second clause of this section further provides, that the
cause shall be placed on the calendar and continue thereon
without further notice until finally disposed of; but if neither
party bring it to a hearing before the end of the second term,
the court should dismiss the appeal, unless it continue the same
by special order for cause shown. The appellant in this case
being the defendant, below could not go on and have an exparte
trial, there being no evidence sent up by the justice. He could
only act on the defensive. *Perhaps*, if the justice had made
return of all the evidence, the circuit court might have reversed
the judgment, (the respondent failing to appear), for errors of
law or fact as would seem to be contemplated by the 269 sec-
tion. However this may be we think the circuit court could
not reverse the judgment after having dismissed the appeal.
If the respondent should fail to appear within a reasonable

time to try a cause situated as this was in the circuit court, the court might enter an order of discontinuance in the case.

When this case was argued in this court by the counsel for the town, (no argument being made on the other side), we were informed that the only question presented for our consideration in the case was, whether the supervisors of the town had the right, under the statute of this state, to take the appeal from the justice's judgment, or whether the supervisors could only do so after being authorized and instructed to take the appeal by the qualified electors of the town at a legal town meeting held in accordance with section 2, chap. 12, R. S. We stated to counsel that we did not deem it necessary that express authority from the electors should be given the supervisors to enable them to defend the suit, or take the appeal, and we remain still of that opinion.    But on looking into the record we discovered the difficulty to which we have already referred and therefore feel constrained to reverse the order appealed from on that ground alone.

The order or judgment of the circuit court is reversed and the cause remanded for further proceedings.