HIBBARD and another vs. ODELL.

The word "kin" in its strictest sense, includes only relations by blood; in its general sense as used in R. S., chap. 120, sec. 48, it includes both relations by blood and marriage, and a justice of the peace is disqualified from trying a cause to which his son-in-law is a party.

Sec. 48, chap. 120, R. S., is not qualified by sec. 47, of the same chapter, and where a justice is disqualified from trying a cause, because he is near of kin to one of the parties, it is not necessary that such fact should be made to appear before joining issue, and where the justice knows the fact, he should act on his own knowledge and transmit the case to some other justice in the county, but if he should not know the fact until after issue is joined, he should decline to proceed with the case whenever he ascertains it and remove the case according to the statute.

APPEAL from the Circuit Court for *Walworth* County.

Action brought before a justice of the peace to recover the

price of fourteen and a half bushels of wheat sold and delivered by the plaintiffs to one Mather, at the request of the defendant. The defendant answered denying each and every allegation of the complaint and setting up other defenses not necessary to be noticed. The cause was then adjourned until March 31, 1859, at one o'clock in the afternoon, at which time the parties again appeared before the justice, when the issue came on to be tried before the justice, and during the trial it appeared that one of the plaintiffs *Rufus P. Hibbard*, was the son-in-law of the justice before whom the action was pending, having married his daughter, who was then living; and the defendant then moved the court to dismiss the action for want of jurisdiction, on the ground that the justice was of kin to one of the plaintiffs. The justice overruled the motion and the defendant excepted. The trial proceeded, and the plaintiffs obtained a judgment for the amount of their claim, $17.50 and costs, from which the defendant appealed to the circuit court. The foregoing facts appeared from the return of the justice, and when the case came on for trial in the circuit court, before any evidence was given, the defendant on said return, renewed his said motion to dismiss the action for want of jurisdiction. The circuit court overruled the motion and the defendant excepted. The plaintiffs obtained judgment in the circuit court for the amount of their claim, and the defendant appealed.

*Abbott, Gregory & Pinney,* for appellant, cited R. S., chap. 120, § 48; 1 Hill, 654; 21 Wend., 63; 3 Coms., 547; 17 Barb., 415; 5 Vt., 124; 21 Pick., 101

*E. Elderkin* and *E. Wakeley,* for respondents:

1. By sec. 48, chap. 120, R. S., the fact of the justice being near of kin to a party must appear previous to joining issue, or he need not and cannot transmit the action to another justice. 2. The justice was not of kin to the plaintiff *Hibbard*, even if proven to be his father-in law. The word " kin" imports relationship by *blood*, not by marriage. 2 Bou Law Dic., " kindred," 745; Webster's Dic., " Kin;" 2 Kent, 422.

*By the Court* PAINE, J.   It appeared on the trial before the justice, that he was father-in-law to one of the plaintiffs who had married his daughter.   And the defendant moved to dismiss the case upon that ground.   We have no doubt that the justice was " near of kin" to his son-in-law within the meaning of section 48, chap. 120, R. S., which provides that when it shall appear that the justice is near of kin to either party, he shall remove the case to some other justice of the same county.

The word " kin", in its strictest sense, includes only relations by blood; but in a general sense it is used to include both relations by blood and marriage, and in this sense the objects of this provision of the statute evidently require it to be interpreted.

We are also of the opinion that, that portion of the section relating to this point is not qualified by that which precedes it; and therefore that it is not necessary that this fact should be made to appear by the affidavit of the opposite party, nor that it should appear before joining issue.   The fact was evidently known to the justice here before joining issue, and he should have removed the case on his own knowledge.   But if in any such case, he should not know the fact until after issue is joined, he should decline to proceed with the case whenever he ascertains it, and remove it according to the statute.   If he does not, his judgment must be reversed.   *Foot vs. Morgan*, 1 Hill, 654; *Edwards vs. Russell*, 21 Wend., 63; *Oakley vs. Aspinwall*, 3 Coms., 547.

The judgment of the circuit court is reversed, with costs.