## FALVEY VS. O'BRIEN.

On dismissing an appeal from a justice of the peace by the plaintiff in an action for the recovery of personal property, it was error for the circuit court to render a judgment against the plaintiff; and where the judgment of the justice was for nominal damages and costs in favor of the defendant, with an order that the constable deliver the property to him, and that of the circuit court, on dismissing the appeal, was for a return of the property or its value, &c., the error was material, and the latter judgment must be reversed.

APPEAL from the Circuit Court for *Kenosha* County. The case is stated in the opinion of the court.

*P. B. Ladd,* for appellant.

*Webster & Schoff,* for respondent.

*By the Court,* COLE, J. This was an action to recover possession of a colt, commenced before a justice of the peace. The justice found for the defendant, that the value of .the colt was sixty dollars, and assessed the damages for the seizure and detention of the property at six cents. He likewise made an order that the constable deliver the colt to the defendant, and that the defendant recover his costs in the action. The plaintiff took an appeal to the circuit court. After two regular terms of court had elapsed, the circuit court dismissed the appeal in conformity to section 216, chap. 120, R. S., and proceeded to give judgment that *Falvey* redeliver the colt to the defendant, or pay the sum of sixty dollars, the value thereof as found by the justice, with the defendant's damages for the detention, and costs of suit.

There can be no doubt that it was error for the circuit court to proceed and give a judgment in the cause after dismissing the appeal. *Haner vs. Polk,* 6 Wis., 350. The appeal being dismissed, the cause was, of course, out of court. But notwithstanding the court had lost jurisdiction of the case by dismissing it, still a judgment was rendered that *Falvey* redeliver the property to the defendant or pay its value, a condition not

made in the judgment of the justice.    This is a material error, of which the appellant has a right to complain.

So much of the judgment of the circuit court, therefore, as relates to the redelivery of the property or payment of its value by the appellant, must be reversed.

That portion dismissing the appeal is affirmed.