## HOWEY vs. CLIFFORD, imp.

PRACTICE. *(1) Control of appeal. (2) Vacating judgment.*

1. An appeal from a justice's judgment may properly be dismissed on the consent of the parties appellant, especially where they are the only parties who defended the action before the justice.
2. It is error to relieve from a judgment by default without tender of a verified answer, even where there is an affidavit of merits.

APPEAL from the Circuit Court for *Portage* County.

The plaintiff brought this action before a justice of the peace to enforce a lien upon certain logs, upon which he, and certain others who had previously assigned their claims to him, had performed labor. The labor was performed for the defendants Andrews and Towle, and the defendant *Clifford* was the owner of the logs. The plaintiff recovered against Andrews and Towle, and had judgment, also, that the amount of his recovery be a lien upon the logs. *Clifford* made no defense to the action. Andrews and Towle appealed to the circuit court; but, after the justice had made return to that court, they consented that the appeal be dismissed, and the same was dismissed accordingly.

At a subsequent term of the circuit court, the defendant *Clifford* moved the court to reinstate the appeal, and vacate the order dismissing it. This motion was founded upon an affidavit of merits in the usual form, and upon the affidavits of *Clifford* and the justice who rendered the judgment appealed from. Several affidavits were read in opposition to the motion. It is unnecessary to state the contents of any of the affidavits.

The circuit court granted the motion, and made an order reinstating the cause; and plaintiff appealed from such order.

The cause was submitted on the brief of *Jones & Sanborn* for the appellant, and that of *Raymond & Haseltine* for the respondent.

For the appellant it was argued, among other things, 1. That the appeal was entirely within the control of the appellants, and that *Clifford*, not having appealed, could not be heard. Tay. Stats., 1396, § 222, and 1631, §§ 1, 2; *Williams v. Starr*, 5 Wis., 534; *Palmer v. Yayer*, 20 id., 91. 2. That *Clifford*, being in default, was not entitled to have the judgment opened without tendering a verified answer. *Johnson v. Eldred*, 13 Wis., 483; *Butler v. Mitchell*, 17 id., 53; *Town*

of *Omro v. Ward*, 19 id., 233; *Sayles v. Davis*, 22 id., 226; *Levy v. Goldberg*, 40 id., 308.

For the respondent it was argued, 1. That the appeal took the case to the circuit court as to all the defendants, and it was thereafter pending in that court as if originally brought there. Tay. Stats., 1398, § 235. 2. That it was the duty of the court to protect the rights of all the defendants, and if *Clifford* had any rights or interests in the action jeopardized by the act of his codefendants in dismissing the appeal, it was the duty of the court to reinstate the appeal. A nominal party to a suit will not be allowed to dismiss the same, or permit a judgment to be taken, or do any other acts prejudicial to a third party interested therein. 3. That the court had jurisdiction to relieve a party from the order at any time within one year (R. S., ch. 125, sec. 38); and, the order having been made without notice to *Clifford*, and apparently by collusion of one of the other defendants with the plaintiff, and *Clifford* having moved promptly to reinstate, and having shown a good defense to the action, and the reason why he did not himself appeal, and that he furnished the security and paid the costs, brought himself fairly within the rule; and the granting of the relief was in the discretion of the court, whose action will not be reversed unless there was a clear abuse of discretion. *Johnson v. Eldred*, 13 Wis., 482. To the point that the cause was rightly reinstated, counsel further cited *Butler v. Mitchell*, 17 Wis., 52; *Flanders v. Sherman*, 18 id., 575; *Hanson v. Michelson*, 19 id., 498; *Wicke v. Lake*, 21 id., 410.

LYON, J. If the defendant *Clifford* has the same standing in the circuit court as though he had joined in the appeal (and, without deciding the point, we assume for the purposes of the case that he has), still he is not entitled to relief against the order of dismissal, unless he shows a valid defense to the action. It would be idle for the circuit court to vacate

the order, and then, for want of a defense, to render the same judgment which was restored by the order.   In fact, the order dismissing the appeal is equivalent to an affirmance of the judgment of the justice.   It was entirely regular to dismiss the appeal on the consent of the only parties who defended the action before the justice, or who appealed.   *Clifford* was in default for want of an answer or appearance, and his consent to the order was not essential to its validity or regularity. The reinstating of the cause is the first step towards taking off the default, and permitting a defense to be made; and that step should not be taken unless there is a compliance with the rule which requires a defendant who is in default for not answering, to tender a verified answer, showing a defense to the action or some part thereof.   An affidavit of merits alone is not sufficient.   It has frequently been so held.   *Seymour v. Supervisors of Chippewa County*, 40 Wis., 62; *Levy v. Goldberg*, id., 308, and cases cited.   In the first of these cases it is said that " the court was called upon to exercise a discretionary power in favor of the defendant; and it was entitled to know the specific grounds of defense relied upon, before granting the relief prayed."

No verified answer having been tendered in the present case, it was error to vacate the order of dismissal.

*By the Court.* — Order reversed.