ELDERKIN vs. WISWELL, Garnishee, etc.

*November 7 — November 25, 1884.*

JUSTICES' COURTS: APPEAL. *(1) Jurisdiction: Who is "near of kin."* *(2) Dismissal of appeal: Discontinuance.* *(3) Reversal of judgment.*

1. A justice of the peace is "near of kin" to his son-in-law within the meaning of sec. 3617, R. S., and has no jurisdiction to render judgment in an action against such son-in-law.
2. Where the plaintiff appeals from a justice's court but fails to appear when the cause is called for trial in the circuit court at the first term after the return of the justice is filed, the appeal should not be dismissed but an order of discontinuance entered.
3. The judgment of the circuit court dismissing an appeal from a justice being reversed, and it appearing from the justice's return that he was near of kin to the respondent, the cause is remanded with directions to reverse the judgment of the justice, although the appellant did not appear when the cause was called for trial in the circuit court.

APPEAL from the Circuit Court for *Walworth* County.

The action was commenced in justice's court. The garnishee appeared specially and moved that the garnishee suit against him be dismissed for the reason that the papers were never properly served upon him and the service does not pretend to be completed until less than six days before the return day. The motion was granted, and from the judgment of dismissal the plaintiff appealed to the circuit court. That court dismissed the appeal, and from the judgment entered accordingly the plaintiff appealed to this court. Other facts are stated in the opinion.

For the appellant there was a brief signed by *E. Elderkin*, attorney *pro se*, and *Pinney & Sanborn*, of counsel, and the cause was argued orally by *Mr. Pinney*.

For the respondent the cause was submitted on the brief of *Smith & Wheeler*.

ORTON, J.  This was an appeal to the circuit court from
the judgment of the justice dismissing the action and for
costs against the plaintiff of $2.44.  The circuit court dis-
missed the appeal, and rendered judgment for costs against
the plaintiff.  From that judgment an appeal is taken to
this court.  The justice returned the fact that the defend-
ant was his son-in-law when he rendered the judgment.
This fact appearing, it was the duty of the justice to have
transmitted "the action, and all the papers appertaining to
the same, to some other justice of the same county," accord-
ing to sec. 3617, R. S.  He had no jurisdiction to make any
other disposition of the case.  Father-in-law and son-in-law
are "near of kin," within that section, and the justice knew
of this relationship when the action was commenced, and
this knowledge disqualified him.  *Hibbard v. Odell*, 16 Wis.
633.  His judgment in the case was therefore void.

The circuit court dismissed the appeal at the first term
after the return of the justice was filed, for want of prose-
cution and because the plaintiff did not appear when the
cause was called for trial.  This was erroneous.  The statute
provides when an appeal may be dismissed for want of
prosecution.  The appellant has to the end of the second
term after the return of the justice, to bring his appeal to
a hearing in the appellate court.  Sec. 3766, R. S.  It is
error to dismiss his appeal for such cause before that time.
*Webster v. School District*, 16 Wis. 316.  If the circuit court
had authority to do anything with the case on the non-
appearance of the plaintiff at the first term, after the return,
when it was called for trial, it could only discontinue the
action.  *Haner v. Polk*, 6 Wis. 350.  The judgment dis-
missing the appeal, and for costs, must be reversed.  This
may, in form, leave the cause pending in the circuit court
for hearing on the record.  But inasmuch as the case was
brought to the attention of the court, and it appearing by
the return of the justice that he rendered judgment, not

having jurisdiction of the cause on account of his relation-
ship to the defendant, and that such judgment was there-
fore void, it was the duty of the court to have reversed it at
once.   The case may as well be fully disposed of on this
appeal.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause remanded with direction to reverse the
judgment of the justice.