EDEN MUSEE COMPANY v. WILLIAM YOHE.

FILED JUNE 30, 1893. No. 4866.

1. **Appeal from Justice Court:** DISMISSAL IN APPELLATE COURT: CONSENT OF APPELLEE. A party appealing from a judgment of a justice of the peace to the district court may dismiss his appeal, without the consent of the appellee, at any time before the cause is submitted to the court or jury.

2. ———: ———: ———. The cases of *Berggren v. Fremont, E. & M. V. R. Co.*, 23 Neb., 620, and *Robbins v. Omaha & N. P. R. Co.*, 27 Id., 73, distinguished.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*Hall, McCulloch & English,* for plaintiff in error.

*James W. Carr,* contra.

NORVAL, J.

William Yohe brought an action before a justice of the peace against the Eden Musee Company, on an account for work and labor, and recovered a judgment therein for $50 and costs of suit. The defendant prosecuted an appeal to the district court, where, after the issues were made up, but before the cause was reached for trial, the appellant, plaintiff in error here, filed a motion for leave to dismiss its appeal, which motion was overruled by the district court. Afterwards, judgment was rendered against the appellant, and in favor of the appellee, for the sum of $112.80.

A single question is presented for our consideration, and that is, Did the district court err in refusing to permit the plaintiff in error to dismiss its appeal? Our answer is in the affirmative. It is clear on principle and authority that an appellant has a perfect right, in an ordinary action, to

dismiss his appeal at any time before the cause is submitted to the court or jury, even though his adversary does not consent thereto.    Had the appeal been dismissed, the rights of the appellee would not have been in the least prejudiced thereby, inasmuch as such a dismissal would have left the case precisely the same as though no appeal had been taken. The appellee could then have enforced his judgment obtained before the justice.    If he was dissatisfied with the amount of the judgment there entered, he should have taken and perfected an appeal.    Not having done so, he cannot be heard to urge as an objection to the right of the appellant to dismiss his appeal that the recovery was too small.    The motion to dismiss the appeal should have been sustained. (Elliot, Appellate Procedure, sec. 534; *Bacon v. Lawrence,* 26 Ill., 53; *Adkinson v. Gahan,* 114 Id., 21; *State v. Moriarty,* 20 Ia., 595; *Latham's Appeal,* 9 Wall. [U. S.], 145.)

Counsel for defendant in error in his brief argues that plaintiff in error did not ask proper relief; that the motion should have prayed for an affirmance of the judgment of the justice, instead of the dismissal of the appeal.    The cases of *Berggren v. Fremont, E. & M. V. R. Co.,* 23 Neb., 620, and *Robbins v. Omaha & N. P. R. Co.,* 27 Id., 73, are cited to sustain the contention.    Both cases were appeals from the awards of commissioners in condemnation proceedings. The doctrine there laid down was that when a railroad company appeals from an award of damages for real estate appropriated for right of way purposes, it cannot dismiss its appeal in the appellate court, but that the proper motion is to affirm the award; that the land-owner, by the dismissal of the appeal, would lose interest on the award, while the sustaining of a motion to affirm the award would carry interest and costs.    The land-owner, having been deprived of the use of the money by the appeal, is entitled to interest thereon.    To allow the railroad company to dismiss its appeal would be prejudicial to the rights of the

appellee, as it would deprive him of interest on the amount of the award. No such consequences could result in the case before us by a dismissal of the appeal, since the judgment of the justice would bear interest at the legal rate from the date of its rendition until paid.

Plaintiff in error did not waive the error in overruling of its motion by afterwards contesting the case on the merits. The judgment of the district court is reversed and the cause remanded with directions to dismiss the appeal at the costs of the appellant.

REVERSED AND REMANDED.

THE other judges concur.