## PETERSON v. FREY.

JUSTICES OF THE PEACE—APPEAL—RIGHT TO DISMISS.

Under 2 How. Stat. § 7014, relating to appeals from justices' courts, and providing that, "on filing the return of the justice, the circuit court shall become possessed of the cause the same as if it had been originally commenced in said appellate court, subject to the same rules and regulations," the appellant cannot, as against the protest of the appellee, dismiss his appeal.

Error to Newaygo; Palmer, J. Submitted April 29, 1896. Decided June 30, 1896.

*Assumpsit* by Andrew Peterson against Alton S. Frey for labor performed. From a judgment for plaintiff, defendant brings error. Affirmed.

*A. G. Day*, for appellant.

*A. F. Tibbitts* (*Martin Rozema*, of counsel), for appellee.

MONTGOMERY, J. This case originated in justice's court. The plaintiff recovered a judgment before the justice in the sum of $30.14 and costs. The defendant took a general appeal to the circuit court. The case came on for trial, and on the trial the defendant claimed the right to dismiss his appeal. The circuit judge refused to permit this, and held that the plaintiff was entitled to proceed with the trial, and plaintiff on the trial recovered a larger sum.

The defendant proposed a bill of exceptions, and failed to incorporate his assignments of error, under Circuit Court Rule No. 85, as amended. We might properly refuse to consider the point made, but, as we think the

109 MICH.—44.

court was clearly right, we prefer to rest our conclusion on the merits.

Whatever may have been the right of an appellant as to dismissal of an appeal before the amendment of 1883, under the statute as it now exists, we think it clear that he cannot, as against the protest of the appellee, do so. The statute, as embodied in section 7014, 2 How. Stat., reads:

"On filing the return of the justice, the circuit court shall become possessed of the cause the same as if it had been originally commenced in said appellate court, subject to the same rules and regulations."

It would be novel procedure for a defendant to dismiss a suit originally commenced in the circuit. The plaintiff in this case may have been prevented from taking an appeal himself because the case was appealed by the defendant. It is apparent that the very purpose of the statute was to prevent an appellant from playing fast and loose with the appellee. The cases from other States, depending upon statutes differing substantially from ours, are of no avail in determining this question.

Judgment affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.