THE MAPLEWOOD COAL COMPANY
*v.*
CHARLES A. PHILLIPS.

*Opinion filed December 16, 1903—Rehearing denied February 3, 1904.*

1. PRACTICE—*party may dismiss his appeal from justice of peace without consent of the other party.* Although both parties may appeal from the decision of a justice of the peace, yet if only one appeals he may dismiss his appeal against the wish of the other, notwithstanding the latter filed a set-off on appeal.

2. SAME—*section 31 of Practice act does not apply to appeals.* Section 31 of the Practice act, prohibiting the plaintiff from dismissing his suit without the consent of the defendant after the latter has pleaded a set-off, does not apply to the dismissal of an appeal.

*Maplewood Coal Co.* v. *Phillips,* 109 Ill. App. 66, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge, presiding.

The appellee recovered a judgment before a justice of the peace of Fulton county for $75, the appellant not appearing. The appellee prosecuted an appeal to the

city court of Canton. The appellant appeared in that court and filed a set-off, whereupon the appellee moved the court to dismiss the appeal, which motion was allowed and the appeal was dismissed with a *procedendo*. The appellant prosecuted an appeal to the Appellate Court for the Third District, where the judgment was affirmed, and a certificate of importance having been granted, a further appeal has been prosecuted to this court.

PINKNEY & McROBERTS, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

In *Bacon* v. *Lawrence*, 26 Ill. 53, it was held both parties may appeal from the decision of a justice of the peace, and if only one party appeals he may dismiss his appeal against the wish of the other.

It is, however, contended by the appellant that section 31 of the Practice act, (3 Starr & Cur. Stat. p. 3016,) which reads as follows: "When such plea or notice of set-off shall have been interposed, the plaintiff shall not be permitted to dismiss his suit without the consent of the defendant, or leave of the court,"—should govern this appeal, and prohibited the appellee from dismissing his appeal in the city court. We are of the opinion that section has no application to the dismissal of an appeal. The party appealing has the right to control his appeal, and may dismiss the same at any time before the case is finally disposed of, as a matter of right. If the appellant was not satisfied with the judgment of the justice he should have appealed therefrom, and having failed to appeal he will be deemed to have acquiesced therein and to now be content therewith.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*