HART, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*May 11—June 10, 1904.*

*Appeal from justice's court: Right. of appellant to dismissal.*

The appellant from a justice's court to the circuit court may have his appeal dismissed against the objection of the opposite party.

APPEAL from a judgment of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Affirmed.*

The action was commenced in justice's court. Judgment was rendered in plaintiff's favor. Defendant appealed to the circuit court. At the time for trial there, defendant asked leave to dismiss the appeal, which was granted, plaintiff objecting thereto. The latter excepted to the ruling. Judgment was rendered accordingly and plaintiff appealed.

For the appellant there was a brief by *Clarence C. Coe & Arthur E. Coe,* and oral argument by *Clarence C. Coe.*

*Frank B. Dorothy,* for the respondent, cited, besides cases cited in the opinion, Elliott, App. Proc. § 504; *Bacon v. Lawrence,* 26 Ill. 53; *Pacific Exp. Co. v. Peadro,* 25 Ill. App. 75; *Lee v. Kaiser,* 80 Mo. 431; *Lalham's & Deming's Appeals,* 9 Wall. 145, 146.

MARSHALL, J. Is it proper for a circuit court to permit an appellant thereto, from a judgment rendered in a justice's court, to dismiss his appeal against objection by the opposite party? That is the question for solution upon this appeal. Sec. 3753, Stats. 1898, gives the privilege of appealing from a justice's judgment, to any party thereto. Secs. 3767 and 3768 provide that in certain cases the trial of such an appeal shall be had in the appellate court on the justice's return, and in others the same as in actions originally brought there. We have no provision for the dismissal of such an appeal, regularly taken, except sec. 3766, which is to the effect that if the

appeal shall not be brought to a hearing in the appellate court by either party before the end of the second term after the filing of the return of the justice therein, such court shall dismiss the appeal unless it shall continue the same by special order for cause shown.  Under that it has been held that an appeal by the plaintiff cannot be dismissed merely because he fails to appear when the same is duly moved for trial in the appellate court by the defendant; that the proper course is for the court to enter judgment of discontinuance (*Haner v. Polk,* 6 Wis. 350; *Elderkin v. Wiswell,* 61 Wis. 498, 21 N. W. 541), indicating that the policy of the statute is that the party appealing shall control as to whether his appeal shall be dismissed or not if it is in all respects regular.

Whether a party may dismiss his own appeal, in the absence of any other guide than statutory authority, should be resolved, it would seem, in favor of the right, since the statute plainly gives the privilege of appealing to the party in whose favor, as well as the party against whom, the judgment was rendered.  That indicates that each party who deems himself aggrieved by a justice's judgment, in order to control the same for the purpose of securing a redress of such grievance upon appeal, must act by resorting to the appeal remedy; that if one appeals and retains the cause in the appellate court till a trial occurs, his supposed grievance, and that of his adversary as well, if any, are to be redressed if found real; but the latter, not having appealed, upon the former's application to dismiss his appeal, is deemed to be satisfied with the judgment which the dismissal would reinstate. *Muckey v. Pierce,* 3 Wis. 307; sec. 3770, Stats. 1898.

As suggested by respondent's counsel, the foregoing is the rule in Illinois under a system similar to ours. *Ring v. Graves,* 90 Ill. App. 269; *Adkinson v. Gahan,* 114 Ill. 21, 28 N. E. 380.  That was undoubtedly the view of this court at the time *Howey v. Clifford,* 42 Wis. 561, 564, was decided, where it was said, in circumstances fairly calling for the expression: "It was entirely regular to dismiss the appeal on

the consent of the only parties who defended in the action before the justice, or who appealed." True, the supreme court of Michigan,—however, under a statute differing materially from ours,—took a different view. *Peterson v. Frey,* 109 Mich. 689, 67 N. W. 974. The statute there provides that upon the return of the justice being filed in the appellate court, such court "shall become possessed of the cause the same as if it had been originally commenced in said appellate court." The decision turned on the term, "possessed of the cause as if originally commenced," etc. Other courts, under statutes not containing such term or its precise equivalent, have held to the contrary, as is amply shown by the citations in the brief of respondent's counsel. *Eden Musee Co. v. Yohe,* 37 Neb. 452, 55 N. W. 866; *Kansas City, Ft. S. & G. R. Co. v. Hammond,* 25 Kan. 208; *State v. Curtis,* 29 Kan. 384, 386; *State v. Moriarty,* 20 Iowa, 595.

In Indiana the rule is the same. The statute, like ours, provides that either party to a judgment rendered in justice's court may appeal therefrom and that on dismissal of the appeal such judgment shall stand the same as if no appeal had been taken. It is held that the party appealing may withdraw his appeal, and that if the opposite party deems himself aggrieved by the judgment and desires to have the same reviewed regardless of the attitude of his adversary, he must himself appeal. *Montmorency G. R. Co. v. Stockton,* 43 Ind. 328.

It hardly seems necessary to discuss further the proposition here presented. It is considered that the great weight of authority is against appellant's contention. It is believed that it has always been supposed to be correct practice, under our statutory system, to permit an appellant from a justice's judgment to withdraw his appeal. That more is not found in regard to the subject in our decisions is attributable to the question not having been deemed a disputable one.

*By the Court.*—The judgment is affirmed.