SILVERMAN, Administratrix, Appellant, vs. FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent.

*February 23—March 14, 1905.*

*Appeal: Effect of dismissal: Direction for further proceedings:*
*County courts.*

1. In the absence of statutory provisions to the contrary the dismissal of an appeal removes the case from the appellate court and places the parties in the same condition as they were before the appeal was taken.

2. Sec. 4037, Stats. 1898, does not authorize the circuit court, upon
   dismissing an appeal from the county court, to remand the
   cause for further proceedings in accordance with the findings
   of the circuit court, especially where such proceedings would
   necessitate the vacation of the judgment appealed from.

APPEAL from an order and from a judgment of the circuit
court for Milwaukee county: ORREN T. WILLIAMS, Circuit
Judge. *Reversed.*

It appears by the record that one Edward Silverman, de-
ceased, was agent of the respondent company at Milwau-
kee during his lifetime, and that he died insolvent March 31,
1901, owing the respondent, for premiums theretofore col-
lected by him, $1,076.95; that on Saturday, March 30, 1901,
he gave to the respondent's general agent his check on the
First National Bank, Milwaukee, for this sum, and that he
had on deposit in said bank at that time a larger amount than
the amount of the check, but that the check was not presented
until Monday, April 1st, when payment thereof was refused
on account of the drawer's death; that subsequently the ap-
pellant, who had been appointed administratrix of the estate
of the deceased, drew out all of the moneys in the bank, and
also collected premiums upon policies which had been solicited
by the deceased and issued by the respondent, and that of the
sum so collected by her $381.42 was owing to the respondent;
that the respondent presented a written claim to the county
court, charging that these sums in the hands of the adminis-
tratrix were trust funds and praying that the same be turned
over by the respondent to it; that this claim was tried in the
county court upon a stipulated statement of facts, and that
court held that the sums were not trust funds, and rendered
judgment in favor of the respondent against the estate for
said sums as general claims against the estate.

From this judgment the respondent appealed to the circuit
court, and the case was tried in that court without a jury,
upon oral testimony, but no bill of exceptions has been set-

tled. The circuit court, after finding the facts in the case, concluded that the amounts aforesaid in the hands of the administratrix were trust funds and belonged to the respondent; that the county court had no jurisdiction to order the administratrix to turn over the said trust funds, and that the circuit court upon appeal obtained no jurisdiction to make such an order; that the county court had no jurisdiction to allow said sums as general claims; and hence that the appeal should be dismissed and the case remanded to the county court for further proceedings in accordance with the findings. Judgment to this effect was rendered by the circuit court, and immediately thereafter the appellant moved to modify the judgment by striking out that part thereof which remanded the case to the county court for further proceedings in accordance with the findings and entering simply a judgment of dismissal with costs. This motion was denied, and the administratrix appeals from the order denying the motion as well as from that part of the judgment which remands the cause to the county court for further proceedings.

For the appellant there were briefs by *Joseph B. Doe,* attorney, and *Hoyt, Doe, Umbreit & Olwell,* of counsel, and oral argument by *Joseph B. Doe.*

For the respondent there was a brief by *Kronshage & McGovern,* and oral argument by *Theodore Kronshage, Jr.*

WINSLOW, J. The circuit court dismissed the appeal and remanded the cause "for further proceedings in accordance with the findings." This is practically a direction to the county court to vacate the judgment appealed from, for it is plain that no proceedings in accordance with the findings could be taken which did not include the vacation of that judgment. The sole question presented on this appeal is whether that part of the judgment remanding the cause "for further proceedings in accordance with the findings" can be sustained. This question must be answered in the negative,

both on reason and authority. There can be no doubt that, in the absence, at least, of statutory provisions to the contrary, the dismissal of an appeal removes the case from the appellate court and places the parties in the same condition as they were before the appeal was taken. *Falvey v. O'Brien,* 17 Wis. 188; Elliott, Appellate Procedure, § 535. Sec. 4037, Stats. 1898, regulating and prescribing the relief to be administered by the appellate court in case of an appeal from the county court, does not affect the question here presented. It will not be necessary to do more in this court than to reverse the order denying the motion and also to reverse the part of the judgment appealed from. This will leave the judgment below simply a judgment of dismissal.

*By the Court.*—The order appealed from and that part of the judgment appealed from are reversed.