John R. Gregory, Appellant, v. Laura Hough, Defendant, Jane M. Mitchell, Appellee.

Gen. No. 16,985.

1. JUDGMENT—*when transcript of, rendered in justice court cannot be filed.* Chap. 79, Art. XII, Sec. 135, relative to the filing of transcripts, does not permit a transcript of the judgment in a justice court to be filed so as to continue the same in force where a new judgment on the motion of the party receiving such prior judgment has been rendered in the Circuit Court on the same cause of action.

2. JUDGMENT—*effect of, rendered by Circuit Court on appeal from justice court.* A judgment rendered by the Circuit Court on appeal from a justice court is a new judgment and does not operate as an affirmance, if rendered for the same party, of the judgment rendered in the justice court.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 4, 1912.

GEORGE M. STEVENS, for appellant.

CHARLES L. BARTLETT and SHERMAN C. SPITZER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

On April 27, 1905, the appellant obtained judgment

against one Laura Hough before a justice of the peace of Cook county, Illinois. Immediate execution was issued upon proper affidavit, and on April 29, 1905, a return of *nulla bona* was made. On the same day a transcript of the judgment was filed in the office of the clerk of the Circuit Court of Cook county. On May 16, 1905, the defendant, Laura Hough, perfected an appeal to the Circuit Court by filing and having approved a bond. On February 26, 1908, the case was tried *de novo* in the Circuit Court, and a judgment entered in favor of the appellant and against the said Laura Hough. Before the case in the Circuit Court was reached for trial, and on May 6, 1907, the defendant, Laura Hough, conveyed certain real estate owned by her to one Jane M. Mitchell. After the judgment referred to was entered in the Circuit Court in the appeal case in March, 1908, an execution was issued, and upon its being returned *nulla bona* an alias execution was issued on May 4, 1910. On the latter execution, on May 6, 1910, the sheriff of Cook county levied upon the real estate theretofore conveyed, as stated, by the said Laura Hough to the said Jane M. Mitchell. Thereupon the said Jane M. Mitchell entered her appearance in "Justice of the Peace Transcript No. 22,465," and moved the court to quash the alias execution and vacate the levy made by virtue thereof on the real estate conveyed to her by the said Laura Hough. The motion was granted and the execution ordered quashed and the levy made by virtue thereof vacated. From this order the appellant, John R. Gregory, has perfected an appeal to this court.

Section 135, Article XII, Chapter 79 R. S. of 1908, is as follows:

"When it shall appear by the return of the execution first issued as aforesaid, that the defendant has not personal property sufficient to satisfy the judgment and costs within the county in which judgment was rendered, and it is desired by the plaintiff to have the same levied on real property in that or any other

county, it shall be lawful for the justice to certify to the clerk of the Circuit Court of the county in which such judgment was rendered, a transcript, which shall be filed by said clerk, and the judgment shall thenceforward have all the effect of a judgment of the said court, and execution shall issue thereon out of that court, as in other cases.''

By section 124 it is provided that by the filing of the transcript real property of the defendant shall be bound for the payment of the judgment from the date of the filing of a transcript.

It is the contention of the appellant that under these two sections of the statute a lien was created in favor of the appellant, and that execution was properly issued upon the transcript judgment, notwithstanding a new judgment had been entered in the Circuit Court at the instance of appellant in the case then pending in that court on the appeal from the justice of the peace.

In our opinion it was not the intention of the legislature in the enactment referred to that there should be two judgments in favor of a creditor and against a debtor in a proceeding on one cause of action. Undoubtedly the lien created by the filing of a transcript was intended to apply only to such judgments as became final in justice courts. Under the statute, the defendant, Laura Hough, had twenty days in which to perfect her appeal. The appeal having been perfected, the case necessarily had to be tried *de novo*. The judgment entered was not an affirmance of a judgment of a lower court, as is the case where on appeal or writ of error a judgment of an inferior court is affirmed by the Appellate or Supreme Court. The statute requires that to maintain the lien a writ of execution be sued out by the judgment creditor within one year from the rendition of the judgment. In this case the execution issued on the transcript judgment was not sued out within a year. It is contended by appellant, however, that the provision of the statute that when a

party in whose favor a judgment is rendered is re-
strained by injunction out of chancery, or by appeal,
or by the order of a judge or court, etc., the time he
is so restrained or delayed shall not be considered as
any part of the time mentioned, excused the appellant
from suing out the execution within a year. This
would undoubtedly be so if the effect of the rendition
of the judgment in favor of the appellant in the Cir-
cuit Court on the appeal operated as an affirmance
of the judgment entered by the justice of the peace, a
transcript of which was filed. The effect of the judg-
ment, however, was not to affirm the judgment entered
by the justice. It was a new judgment entered in favor
of the appellant on his own motion, and for a slightly
larger amount. The statute allowing an appeal from
the judgment of a justice of the peace requires the
appealing party to give a bond for the payment of the
judgment in double the amount thereof. If the bond
given is not adequate an order may be obtained re-
quiring the filing of a new and sufficient bond.

In the case of Pool v. Breese, 114 Ill. 594, it was
said:

"The effect of an appeal from an inferior to a su-
perior tribunal, where, as here, the superior tribunal is
required to try the question appealed *de novo,* and ren-
der thereon such decision as in its opinion should be
rendered under the law and the evidence, is to vacate
and set aside the decision of the inferior tribunal."

The language just quoted was not used in a case
arising on an appeal from a judgment of a justice of
the peace, and we do not think that when a case is ap-
pealed from a justice of the peace to the Circuit Court
it can be said that the judgment of the justice of the
peace is vacated upon the perfecting of the appeal, be-
cause if the appeal for any reason is dismissed and a
*procedendo* awarded, the efficacy of the judgment in
the justice court is immediately re-established, and so,
in our opinion, the lien upon the real estate of the

judgment debtor would also be re-established if a transcript in pursuance of the statute had been filed in the office of the clerk of the Circuit Court, and the provision of the statute with respect to the issuance of an execution had been complied with, that is to say within a year after the dismissal of the appeal.

But where, as here, a judgment in the Circuit Court is obtained upon the same cause of action as the judgment in the justice court, in our opinion the party moving for a judgment may properly be said to have elected his remedy and, in effect, to have released any rights obtained under the first judgment and the transcript of the same, and to confine himself to the rights obtained by the entry of the new judgment, with the protection and security given by the appeal bond made in his favor.

We have carefully considered the cases to which our attention has been called by the appellant, among others Dawson v. Cunning, 50 Ill. App. 286; Schafer v. Buck, 76 *id.* 464; Bank of Commerce v. Franklin, 88 *id.* 198; Snyder v. Powell, 133 *id.* 393. As suggested by counsel for appellee, all of these cases had to do with the status of justices' judgments pending an appeal therefrom, and in none of them had a second judgment been entered at the instance and in favor of the judgment creditor. If the contention of the appellant is correct, then it would seem that the appellant obtained a lien upon real estate, title to which stood in the appellee Jane M. Mitchell, and which theretofore was in the defendant Laura Hough, and also a lien for a larger amount upon any real estate of which Laura Hough might have been possessed at the time of the rendition of the second judgment. It is of course true that appellant would be restrained in a proper proceeding from attempting to collect upon both judgments, but, as heretofore stated, we do not think the statute allowing the filing of a transcript should be so construed as to permit a condition of this sort to arise.

No question is raised by appellant as to the jurisdiction of the Circuit Court in the premises or the manner in which it was invoked.

For the reasons stated the order entered in the Circuit Court will be affirmed.

*Affirmed.*