## ROBERT WILMOTT v. JACOB KOLLER.

(158 N. W. 257.)

**Civil action — justice court — judgment — appeal from — either party may take.**

1. Under § 9163, Compiled Laws of 1913, any party dissatisfied with a judgment in a civil action may appeal therefrom to the district court; hence, where but one party appeals, the other will be deemed to be satisfied with the justice's judgment.

**Judgment — justice of peace — appeal from — effect of — does not vacate — suspends during appeal.**

2. An appeal from the judgment of a justice of the peace does not vacate such judgment altogether, but merely suspends it pending the appeal.

Justice of peace — judgment — appeal — dismissal — consent of other party —
    respondent — counsel for — consent to dismissal — power to — or payment
    of amount.

   3. A party appealing from a judgment of a justice of the peace may dismiss
or discontinue his appeal without the consent of the adverse party. This being
true, it is held that counsel for such adverse party has authority to consent to
a dismissal or discontinuance of the action upon payment of the full amount
due on the judgment.

Opinion filed May 20, 1916. Rehearing denied June 14, 1916.

Appeal from the District Court of Ramsey County; *Buttz, J.*

From an order vacating a judgment of dismissal of the action,
defendant appeals.

Reversed.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

The order vacating the judgment of dismissal of the appeal, and
reinstating the appeal, cannot stand. The judgment from which appeal
was taken had been paid, and the amount thereof accepted by plain-
tiff prior to his application for reinstatement, by payment to plaintiff's
attorney in the case. This was payment to plaintiff. · See 2 Cyc. 162,
and cases cited; Larson v. Vinje, — Iowa, —, 109 N. W. 786; Horton
v. Emerson, 30 N. D. 258, 152 N. W. 529.

"The right to accept the fruits of a judgment or order, and the right
to appeal therefrom, are not concurrent, but wholly inconsistent, and
an election of either is a waiver of the other." San Bernardino County
v. Riverside County, 135 Cal. 618, 67 Pac. 1047; Spelling, New Tr.
& App. Pr. § 652, and cases there cited.

The payment of money to an attorney of record in satisfaction or
partial satisfaction is acceptance by his client, and binds him. New-
man v. Kiser, 128 Ind. 258, 26 N. E. 1006; 2 Cyc. 654, and cases
cited; Portland Constr. Co. v. O'Neil, 24 Or. 54, 32 Pac. 764.

In the absence of notice of substitution or order to that effect, the
first attorney remains the attorney of record, and payment to him is
payment to his client. 4 Cyc. 596; John Miller Co. v. Minckler, 30
N. D. 360, 152 N. W. 664.

A party cannot retain payment and at the same time ask to have his
appeal reinstated and continued in his behalf. Such acts would be in-

equitable.  Noble v. McIntosh, 23 N. D. 59, 135 N. W. 663; Tee v. Noble, 23 N. D. 225, 135 N. W. 769; Portland Constr. Co. v. O'Neil, 24 Or. 54, 32 Pac. 764.

A party cannot set up such pay claim as a defense in a new action between same parties.  2 Cyc. 659, and cases there cited.

*Flynn & Traynor,* for respondent.

The Indiana decisions holding that a party cannot appeal after receiving money paid on the judgment are based upon a statute of that state to that express effect, and are therefore not controlling in this state.  McCracken v. Cabel, 120 Ind. 266, 22 N. E. 136.

Where the pleadings admit a certain amount due, and such sum has been voluntarily paid or tendered on the judgment, and accepted by the prevailing party, such tender or payment and acceptance do not constitute a waiver of the right to appeal.  Citing Embry v. Palmer, 107 U. S. 8, 27 L. ed. 348, 2 Sup. Ct. Rep. 25; Upton Mfg. Co. v. Huiske, 69 Iowa, 557, 29 N. W. 621; see also United States v. Dashiel, 3 Wall. 688, 18 L. ed. 268.

On such an appeal from the judgment of a justice court to the district court, the action shall be tried anew in the district court in the same manner as actions originally commenced in district court. Comp. Laws 1913, § 9173; Keehl v. Schaller, 1 S. D. 290, 46 N. W. 934.

The dismissal of the complaint and the dismissal of the appeal are two different proceedings, not alike in effect.  To dismiss the complaint is to dismiss the action; the dismissal of the appeal has no such effect. Bullard v. McArdle, 98 Cal. 355, 35 Am. St. Rep. 176, 33 Pac. 193.

A perfected appeal from justice court to the district court, entirely removes the cause from justice court, and only the appellate court thereafter has jurisdiction.  The judgment of the justice court is not merely suspended, but it is vacated and set aside pending the action of the district court.  Thornton v. Mahoney, 24 Cal. 569; People v. Treadwell, 66 Cal. 400, 5 Pac. 686; Rossi v. Superior Ct. 114 Cal. 371, 46 Pac. 177; Peterson v. Frey, 109 Mich. 689, 67 N. W. 974; Fogarty v. Battles, 145 Iowa, 61, 123 N. W. 953; Swantek v. Jarmoszki, 162 Mich. 617, 127 N. W. 800; Mayott v. Knott, 16 Wyo. 108, 92 Pac. 240; Hosoda v. Neville, 45 Mont. 310, 123 Pac. 20; Huffman v. Ellis, 52 Neb. 688, 73 N. W. 10.

An attorney without express authority has not the right to accept money in payment of a judgment, unless the entire amount claimed by his client is tendered or paid. Comp. Laws 1913, § 796, subdiv. 3; Granger v. Batchelder, 54 Vt. 248, 41 Am. Rep. 846; Preston v. Hill, 50 Cal. 43, 19 Am. Rep. 647; Kilmer v. Gallaher, 112 Iowa, 583, 84 Am. St. Rep. 358, 84 N. W. 697; Rhutasel v. Rule, 97 Iowa, 20, ·65 N. W. 1013.

"The general employment of an attorney to prosecute an action does not confer on him the power to dismiss it," and "the reinstatement of an action dismissed by an attorney, without authority, is in the discretion of the trial court." 4 Cyc. 945, ¶ 3; Fetz v. Leyendecker, 157 Mich. 355, 122 N. W. 100·; Fleishman v. Meyer, 46 Or. 267, 80 Pac. 209; Hallack v. Loft, 19 Colo. 74, 34 Pac. 568; Budlong v. Budlong, 31 Wash. 228, 71 Pac. 751; Fosha v. O'Donnell, 120 Wis. 336, 97 N. W. 924; Smith v. Jones, 47 Neb. 108, 53 Am. St. Rep. 519, 66 N. W. 19; Hamrick v. Combs, 14 Neb. 381, 15 N. W. 731; Bigler v. Toy, 68 Iowa, 687, 28 N. W. 17; Gibson v. Nelson, 31 L.R.A.(N.S.) 523, and numerous cases cited in the note following, 111 Minn. 183, 137 Am. St. Rep. 549, 126 N. W. 731; Paulson v. Lyson, 12 N. D. 356, 97 N. W. 533, 1 Ann. Cas. 245; Olson v. Sargent County, 15 N. D. 148, 107 N. W. 43; Noble v. McIntosh, 23 N. D. 59, 135 N. W. 663; Tee v. Noble, 23 N. D. 225, 135 N. W. 769.

A showing of merits is not necessary on a motion to reinstate a cause dismissed without authority. Martinson v. Marzolf, 14 N. D. 309, 103 N. W. 937; Williams v. Fairmount School Dist. 21 N. D. 204, 129 N. W. 1027; Gilbreath v. Teufel, 15 N. D. 152, 107 N. W. 49.

FISK, C. J. This litigation originated in justice court, where plaintiff had judgment for $35.63. An appeal was prosecuted to the district court, defendant demanding a trial *de novo,* and giving a stay bond. Thereafter the following stipulation was entered into by counsel for the respective parties: "It is hereby stipulated and agreed by and between plaintiff and defendant herein, that in consideration of the sum of $37 this day paid by defendant to plaintiff, that the above-entitled action be, and the same is, hereby dismissed with prejudice and without costs to either party, and that pursuant to this stipulation for dismissal the court may enter its order accordingly."

Pursuant to such stipulation, the sum of $37 was paid to plaintiff's counsel, and an order dismissing the action was made, and judgment entered accordingly. Thereafter the judgment of dismissal was vacated and the cause set for trial, and the appeal is from the order thus vacating said judgment.

We are confronted on this appeal with the question whether plaintiff's counsel, as such, had authority to bind his client by the stipulation aforesaid, respondent's contention being that under the appeal transferring the cause to the district court for trial *de novo,* plaintiff's rights thereafter were precisely the same as they would have been had he, in the first instance, instituted the litigation in that court. If correct in such contention, it might logically follow that counsel for plaintiff would not be authorized to accept less than the full amount of plaintiff's claim without express authority·from his client. In other words, plaintiff's contention is that the appeal operated in law to wholly vacate and supplant the justice's judgment, and consequently there existed no judgment which could be paid to, and satisfied by, plaintiff's counsel.

In support of this contention, respondent calls attention to § 9172, Compiled Laws of 1913, which reads: "The action shall be tried anew in the district court in the same manner as actions originally commenced therein." Also to § 9173, which reads: "When an appeal to the district court is dismissed . . . a certified copy of the order dismissing the same shall be filed in the justice's court in which the judgment was rendered and there after the judgment appealed from shall have the same force and validity, and be enforced in the same manner as if no appeal had been taken." In support of his contention, counsel for respondent also cites numerous cases from the states of California, Michigan, Iowa, Montana, Nebraska, and Wyoming. We think most of the statutes in these states will be found, on examination, to differ somewhat from our own. However this may be, there appear to be two rules deduced from the authorities. As stated in 24 Cyc. 695: "In most jurisdictions a regularly perfected appeal from the judgment of a justice of the peace·vacates the judgment; while in others the judgment is merely suspended during the pendency of the appeal." The authorities in support of each rule may be found col-

lected in the notes to the above text and also in the supplements to this work.

As we construe our statute, the appeal to the district court did not operate to vacate the justice's judgment, but the giving of the supersedeas undertaking operated merely to *suspend* such judgment pending the appeal. The statute is clear that where a supersedeas bond is not given, the justice's judgment is not even suspended, but may be enforced, pending appeal, and yet in such a case the action is also tried *de novo* in the district court in the same manner as actions originally commenced therein. We find nothing in our Code to warrant a holding differentiating, in this regard, appeals where supersedeas bonds are given, from those where no such bonds are given. If correct in this conclusion, it follows that the justice's judgment being merely suspended, pending the appeal, would on the termination or dismissal thereof become reinstated.

As stated by the court in Gregory v. Hough, 171 Ill. App. 334: "We do not think that when a case is appealed from a justice of the peace to the circuit court, it can be said that the judgment of the justice of the peace is vacated upon the perfecting of the appeal, because if the appeal, for any reason, is dismissed and a procedendo awarded, the efficacy of the judgment in the justice court is immediately re-established." And as also stated by the Missouri court in Leonard v. Security Bldg. Co. 179 Mo. App. 480, 162 S. W. 685: "It is no longer held that an appeal from the judgment of a justice of the peace vacates the latter altogether, as has been said in some of the cases. . . . But that the judgment of the justice remains suspended pending the outcome of the appeal. . . . From the language of the supreme court in Pullis v. Pullis Bros. Iron Co. 157 Mo. 565, 57 S. W. 1095, it appears that a dismissal of the appeal 'revivifies' the judgment of a justice. This may be quite true without in any manner affecting the real question before us. It is immaterial that the judgment may thus be revived and again become in force. But unless it is so revived by the dismissal of the appeal, it never again acquires any force; for the case will otherwise proceed *de novo* in the circuit court as though it had been originally instituted there, and the circuit court will ultimately enter its judgment therein, unless the plaintiff should exercise his right to dismiss the cause or take a non-

suit, in which event the case is taken out of court and the judgment of the justice thereby vacated." But, as we view the case, it is not of controlling importance as to whether by an appeal the justice's judgment is vacated or merely suspended, for in either event, under the great weight of authority, the appellant had a right to dismiss his appeal, even against the plaintiff's objection. 24 Cyc. 711, citing the following, among other authorities: Maplewood Coal Co. v. Phillips, 206 Ill. 451, 69 N. E. 514; Kansas City, Ft. S. & G. R. Co. v. Hammond, 25 Kan. 208; Lee v. Kaiser, 80 Mo. 431; Dobry v. Northern Mill. Co. 3 Neb. (Unof.) 67, 90 N. W. 757; Eden Musee Co. v. Yohe, 37 Neb. 452, 55 N. W. 866; Darlington-Miller Lumber Co. v. Hall, 4 Okla. 668, 46 Pac. 493; Jameson v. Smith, 19 Tex. Civ. App. 90, 46 S. W. 864; Hart v. Minneapolis, St. P. & S. Ste. M. R. Co. 122 Wis. 308, 99 N. W. 1019, 2 Ann. Cas. 793. See also: 2 Enc. Pl. & Pr. 351; Donaghy v. McCorkle, 118 Tenn. 73, 98 S. W. 1050.

That defendant had the right to dismiss his appeal seems plain. Plaintiff should have also appealed if he desired to insure a trial *de novo* in the district court. By not appealing, he must be presumed to be satisfied with the judgment which he obtained below. The opinion of Marshall, J., in Hart v. Minneapolis, St. P. & S. Ste. M. R. Co. 122 Wis. 308, 99 N. W. 1019, 2 Ann. Cas. 793, is, we think, sound, and in point. We quote: "Is it proper for a circuit court to permit an appellant thereto, from a judgment rendered in a justice court, to dismiss his appeal against objection by the opposite party? That is the question for solution upon this appeal. Section 3753, Rev. Stat. 1898, gives the privilege of appealing from a justice's judgment, to any party thereto. Sections 3767 and 3768 provide that in certain cases the trial of such an appeal shall be had in the appellate court on the justice's return, and in others the same as in actions originally brought there. . . . Whether a party may dismiss his own appeal, in the absence of any other guide than statutory authority, should be resolved, it would seem, in favor of the right, since the statute plainly gives the privilege of appealing to the party in whose favor, as well as the party against whom, the judgment was rendered. That indicates that each party who deems himself aggrieved by a justice's judgment, in order to control the same for the purpose of securing a redress of

such grievance upon appeal, must act by resorting to the appeal remedy; that if one appeals and retains the cause in the appellate court till a trial occurs, his supposed grievance and that of his adversary as well, if any, are to be redressed if found real; but the latter, not having appealed, upon the former's application to dismiss his appeal, is deemed to be satisfied with the judgment which the dismissal would reinstate." To the same effect are the holdings in the other cases last above cited.

In view of defendant's right to control his appeal, we deem it clear that plaintiff's counsel had authority, on payment of the full amount of the judgment with interest, to stipulate for a dismissal of the action, for the same result could have been accomplished without plaintiff's consent by a formal dismissal of the appeal.

The fact that the stipulation called for a dismissal of the action rather than the appeal is not controlling, for, clearly, if defendant had the right to terminate the action in the district court by a dismissal of his appeal, the same result could be accomplished through the stipulation dismissing the action upon payment of the amount due on the judgment.

It follows that the order appealed from is erroneous, and the same is accordingly reversed.