Nathan Sloan, Trading as Sloan & Schwartz, Appellee,
v. Continental Casualty Company, Appellant.

Gen. No. 35,256.

Opinion filed May 4, 1932.

ABRAHAM LEPINE, for appellant; R. C. D'AUTREMONT,
of counsel.

No appearance for appellee.

MR. JUSTICE WILSON delivered the opinion of the
court.

Plaintiff secured a judgment before a justice of the
peace of Cook county against Marion R. Griffith, from
which judgment an appeal was taken to the superior
court where it was recorded as No. 476702. June 26,
1929, the cause was called for trial in the superior
court and the following order entered:

"This cause being called for trial and neither party
appearing to prosecute this suit in their behalf on mo-
tion of Court it is ordered that this cause be and the
same is hereby dismissed without costs for want of
prosecution."

December 11, 1930, plaintiff Nathan Sloan, doing
business as Sloan & Schwartz, brought his action in

the municipal court of Chicago against the defendant, Continental Casualty Company, on the bond filed in the superior court of Cook county on appeal from the judgment obtained against Marion R. Griffith. Defendants contend that the cause on the appeal from the justice of the peace having been dismissed for want of prosecution, the plaintiff is precluded from suing on the bond. It is also insisted that the record discloses that the action before the justice of the peace was in the name of Sloan & Schwartz, whereas the action on the bond in the municipal court is brought in the name of Nathan Sloan, doing business as Sloan & Schwartz.

We are of the opinion that the first point is well taken. Upon the perfecting of the appeal from the judgment of the justice of the peace in the superior court, it became necessary to try the cause *de novo.* As was said by this court in *Gregory v. Hough,* 171 Ill. App. 334: " . . . We do not think that when a case is appealed from a justice of the peace to the Circuit Court it can be said that the judgment of the justice of the peace is vacated upon the perfecting of the appeal, because if the appeal for any reason is dismissed and a *procedendo* awarded, the efficacy of the judgment in the justice court is immediately re-established."

If the order in the cause of the superior court had been "appeal dismissed," the judgment of the justice of the peace would have been revitalized and the bond liable for failure to prosecute the appeal with effect. The judgment of the superior court, however, having been a dismissal for want of prosecution, there was no judgment against the defendant Marion R. Griffith and, necessarily, the obligation on the bond ceased. *Shaffer v. Currier,* 13 Ill. 667.

In view of our holding on this proposition, it is not necessary to consider the other contention raised by the defendant. The question being one of law and not

of fact, for the reasons stated in this opinion, the judgment of the municipal court is reversed and judgment is entered here for the defendant.

*Judgment reversed and judgment here for defendant.*
HEBEL, P. J., and FRIEND, J., concur.