## P. CARLISLE vs. COFFEE & PRICE.

SUPREME COURT, AUSTIN TERM, 1883.

*Injunction—Jurisdiction of County Court.*—County judges have no power to issue an injunction to restrain and enjoin a judgment of a justice of the peace for a sum less than twenty dollars.

Appeal from Williamsou County.—Opinion by Watts, J.

But one question presented by the record will be considered in disposing of this appeal, and that is :—Did the district court have jurisdiction of the cause? This does not involve the question discussed in Anderson County vs. Kennedy, Galveston term, 1883. But the district court's jurisdiction in this case is dependent upon the power of the county judge to issue an injunction to restrain and enjoin a judgment of á justice of the peace for a sum less than twenty dollars. The language of the constitution is this:—"And the county courts, or judges thereof, should have power to issue writs of *man-damus*, injunction, and all other writs necessary to the enforcement of the jurisdiction of said courts.

It seems that this declaration is susceptible of but one construction. The constitution limits and defines both the original and appellate jurisdiction of the county court. It has no power to supervise and control inferior courts except in the mode given,—either by an appeal or *certiorari*. Then the power to issue these writs is limited to matters, the jurisdiction of which has attached in the county court, either by reason of its original or appellate jurisdiction. Unlike the district court, the county court has no power, aside from that conferred, to issue such writs; and it would seem from a fair and reasonable construction of the provision quoted above, that in conferring that power upon the county courts and judges thereof, that it was the intention to limit its exercise to the enforcement of the jurisdiction of the county courts, in matters of which the Justices' courts have original jurisdiction, and the county courts have appellate jurisdiction.

If the county court or the judge thereof could issue such writs before that appellate jurisdiction had attached, by the modes provided, that would be giving the county court not only appellate jurisdiction, but general supervisory control over the justice court. Besides it would be to substitute these writs, for the purpose of acquiring jurisdiction, in lieu of the modes provided by law. In

the case before the court, the county court neither had original nor appellate jurisdiction of the amount, as it was less than twenty dollars. Then clearly the writ was not issued for the purpose of enforcing the jurisdiction of the county court.

Justice Stayton, in Anderson County vs. Kennedy, *supra*, after quoting the above provision of the constitution, says : "This would seem to restrict the use of the named writs, and to make the same apply to the enforcement of such jurisdiction as had been given by a named subject matter, or the amount in controversy, which in the preceding parts of this section had been prescribed."

Manifestly the county court had no jurisdiction of the case and its transfer to the district court conferred no jurisdiction upon it.

The judgment ought to be reversed and the case dismissed.