No. 6226.

## W. E. ROBERTS *v.* A. S. MCCAMANT ET AL.

1. JURISDICTION. — The county court has jurisdiction of an appeal by defendant against whom judgment has been rendered on a counter claim for an amount above twenty dollars, though the amount sued for by the plaintiff was less than twenty dollars.

2. APPEAL—JURISDICTION.—When the jurisdiction of the county court properly attaches, in an appeal from the judgment of a justice of the peace, the voluntary dismissal of the appeal operates to avoid the judgment of the justice of the peace. If, however, no appeal from the original judgment lies, or if the law regulating appeals has not been complied with, the judgment of the justice of the peace remains in force after an entry dismissing the appeal. If the judgment of the county court dismissing the appeal recites that it was because it had no jurisdiction, that judgment is conclusive until set aside, and estops the party complaining from attacking its validity in a collateral proceeding. Unless properly set aside, the justice of the peace may issue execution on the judgment, but not for the costs incurred in the appeal.

APPEAL from Jones. Tried below before the Hon. J. V. Cockrell.

*Jones & Cunningham* for appellant: First, the court erred in sustaining general demurrer and general exceptions to petition for the reason that petition sought to enjoin the execution because it contained one hundred and twenty-five dollars of county court costs, when there was no judgment in county court for cost, and when the justice of the peace court had no authority to issue an execution for cost of county court.

Second, the court erred in sustaining said demurrer and exceptions when the petition alleged that the judgment in justice of the peace court, and on which the execution was based had been nullified by the perfecting of an appeal. (Bender Bros. v. Lockett, 64 Texas, 566; Moore v. Jordon, 65 Texas, 395.)

No briefs for appellees on file.

GAINES, ASSOCIATE JUSTICE. The appellant brought this suit in the court below to enjoin the collection of an execution issued

from the justice court, upon a judgment in favor of appellee McCamant against him. A preliminary injunction was granted and the writ issued and served, but upon final hearing exceptions to the petition were sustained, the injunction dissolved and the suit dismissed.

The petition alleged that McCamant brought a suit in the justice court against Roberts, the plaintiff, in this suit to recover the sum of thirteen dollars, to which the latter pleaded a counter claim of twenty-two dollars; that upon the trial in that court McCamant obtained a judgment for the amount of his claim, from which Roberts perfected an appeal to the county court, but that the county court dismissed the appeal for the want of jurisdiction. It is further averred that thereafter the justice issued execution upon the judgment for the amount originally recovered by McCamant and for all costs incurred in the suit both in the justice court and in the county court.

It is assigned that the court erred in sustaining the exceptions to the petition. In support of his assignment appellant insists that the amount of his counter claim being over twenty dollars, an appeal lay to the county court, and that an appeal having been perfected, the judgment of the justice court was thereby vacated. It is believed that these propositions are sound. It is held, that when an appeal is properly taken from the judgment of a justice court, that it operates to avoid the judgment, and that a subsequent voluntary dismissal in the county court does not restore it to validity. (Bender v. Lockett, 64 Texas, 566; Moore v. Jordan, 65 Texas, 395.) If, however, it be a case, which can not be appealed, or if the law for perfecting appeals be not complied with, we are of opinion that the judgment remains in force, and upon a dismissal by the county court on the ground that it has not acquired jurisdiction of the case, it is the duty of the justice to issue execution upon the original judgment at the instance of the party in whose favor it is rendered. It seems to us that Roberts was entitled to his appeal, and he alleges in his petition that it was perfected. But the county court had jurisdiction to determine these questions, and it appears from the petition, that it did determine that it did not have jurisdiction of the case and dismissed the appeal on that ground. The judgment of the county court may be erroneous, but it is none the less conclusive until set aside by proper proceedings, and estops the appellant from saying that the case had been properly appealed. It follows, as

we think, that the justice was authorized to issue execution for the amount recovered and the costs of his court. But we know of no authority for his issuing judgment for the costs which were incurred in the county court. To that extent the execution was clearly illegal, and we are therefore of the opinion that the court erred in sustaining the demurrer to the petition. The exceptions should have been overruled, and if upon the trial the plaintiff had established the allegations of his petition the injunction should have been perpetuated as to the execution and the defendant enjoined from causing to issue another execution from the justice court for the county court costs.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*