## J. B. WATKINS V. J. D. ATWELL.

Decided April 15, 1899.

**1. Practice on Appeal—Costs—Res Judicata.**

The affirmance of a judgment on a record showing the items of cost below is conclusive as to the proper taxation of such costs, but not as to the legality of the items.

**2. Same—Presumption—Motion to Retax.**

It will be presumed on appeal from a judgment denying a motion to retax costs made below after the affirmance of the judgment in the court above, that the motion was heard on its merits, and the question as to the legality of the items was duly considered and properly decided, where there is no statement of facts showing the illegality of such items.

APPEAL from Kaufman. Tried below before Hon. J. E. DILLARD.

*Jack & Jack,* for appellant.

RAINEY, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court refusing to retax costs on motion of appellant. In the original case J. D. Atwell, appellee, recovered a judgment against J. B. Watkins, appellant herein, which judgment was by the Court of Civil Appeals affirmed on the 12th day of March, 1898, and all costs were adjudged against said Watkins. No motion to retax cost was filed until the 29th day of April, 1898, and a mandate from the Court of Civil Appeals was issued July 20, 1898, and filed in the District Court July 21, 1898. In answer to the motion to retax, Atwell pleaded that the affirmance of the judgment by the Court of Appeals was res adjudicata, as the items of costs sought to be retaxed were included in the cost bill that constituted a part of the record on appeal in the original case. The judgment of the court below on the motion to retax shows that the motion was heard and considered by the court and overruled without specifying the ground on which the court acted. There is no statement of facts in

the record. The court found conclusions of fact and law. The conclusions of fact relate to the time when the original judgment was affirmed and the issuance and filing of the mandate and the time of filing the motion to retax. His conclusion of law is in effect that the affirmance of the judgment was an adjudication of the matters here in controversy, and that appellant is not entitled to recover. The motion alleges that the items therein named were erroneously and unlawfully taxed against appellant, but fails to state in what particular the same are erroneous or unlawful.

We are unable to tell from these allegations whether the appellant intended to charge that the items specified were illegal and to which the officers were not entitled, or that the same had properly accrued as cost but improperly taxed. The items specified in the motion show upon their face to be proper charges for services performed by the officers, and if so, by the affirmance of the judgment the appellant became responsible therefor and can not now be heard to complain. If, however, it had been shown that said items were illegal and had not in fact accrued, the affirmance of the judgment would not preclude the appellant from showing that fact and having same eliminated from the cost bill.

We are of the opinion that as the judgment shows that the motion to retax was heard and considered by the court, and there being no statement of facts in the record showing the illegality of the items charged, the presumption must be indulged that the motion was heard on its merits and in favor of the judgment, and the same is affirmed.

*Affirmed.*