## O. W. and Ella Martin v. J. C. Butner et al.

### Decided February 27, 1909.

**1.—Damages——Sequestration—Judgment in Forcible Entry and Detainer.**

In a suit for damages for suing out a writ of sequestration and ejecting plaintiffs from premises held by them under a rental contract for one year, evidence that defendant had brought an action of forcible detainer in the Justice Court against plaintiffs and obtained judgment in that court which was set aside, and on another trial judgment was for plaintiffs, and that defendant appealed to the County Court and, after the case was docketed, asked and obtained a dismissal of the case, did not authorize the court to direct a verdict for the defendant in the damage suit.

**2.—Judgment in Justice Court—Appeal, Effect of.**

The effect of the appeal from the justice's judgment was to annul that judgment, and the case stood in the County Court for trial de novo, and not having been dismissed for some illegality or insufficiency in the manner of bringing it up, said judgment had no legal effect, and the case for damages stood alone upon its merits.

**3.—Charge—Rental Contract.**

The testimony being conflicting as to whether the plaintiffs held the premises under a rental contract for a year or by the month only, this issue should have been submitted to the jury.

Appeal from the District Court of Johnson County. Tried below before Hon. O. L. Lockett.

*R. S. Phillips,* for appellants.

*J. M. Moore* and *Brown & Bledsoe,* for appellees.—The action of forcible entry and detainer being a special statutory proceeding, and article 2534, Sayles' Texas Civil Statutes, providing for appeal within five days from any final judgment rendered by the justice of the peace in such proceedings, being the exclusive mode provided by law for reviewing proceedings of forcible entry and detainer, the general rules of law applicable to ordinary cases as to granting new trials have no application to such proceedings, and the justice of the peace has no authority and is without jurisdiction to grant a new trial in a case of forcible entry and detainer, and hence the action of the justice of the peace in granting a new trial in such cases is beyond the jurisdiction and authority of such justice and is and would be void. Swanson v. Smith, 77 S. W., 700; Stacks v. Simmons, 58 S. W., 958.

If it should be held, however, that the justice of the peace did have the right, authority and jurisdiction to grant a new trial in an

action of forcible entry and detainer and to render the subsequent judgment in the case of date June 8, 1906, in said Justice Court, the appeal by appellee J. C. Butner from such judgment to the County Court of Johnson County annulled the judgment of June 8, 1906, rendered by the justice of the peace from which said appeal was prosecuted, and the action in said case in the County Court could not and did not have the effect of reviving the judgment of June 8, 1906. Bender v. Lockett, 64 Texas, 566; Missouri, etc., Ry. Co. v. Mosty, 27 S. W., 1058; Moore v. Jordan, 65 Texas, 396; Roberts v. McCamant, 70 Texas, 744; Kingsley v. Schmicker, 60 S. W., 332; Stark v. Ellis, 69 Texas, 545.

RAINEY, CHIEF JUSTICE.—Appellants brought this suit to recover damages of appellees for the alleged wilful, malicious and wrongful suing out of a writ of sequestration and ejecting them from certain premises held by them under a rental contract for a period of one year. A trial resulted in a judgment for appellees.

The trial court gave the following instruction, which is assigned as error, viz.: "Gentlemen of the jury: You are are instructed to find a verdict in this case in favor of the defendants J. C. Butner et al. The court gives you this instruction because from the judgments and orders of the Justice Court introduced in evidence the court holds that there is simply a question of law raised and not a question of fact, and hence the instructed verdict." The evidence in regard to the orders of the Justice Court, referred to by the court in its charge, shows that J. C. Butner brought an action of forcible detainer in the Justice Court against the Martins to eject them from the premises here in question, and recovered a judgment. On the day following the rendition of said judgment the justice of the peace granted a new trial. The case was again heard and judgment rendered in favor of the Martins. From this last judgment Butner regularly perfected an appeal to the County Court. The case was regularly docketed in the County Court and thereafter Butner appeared in the County Court and asked a dismissal of the case, which was accordingly done. Butner also brought a sequestration suit. A writ of sequestration was issued and levied, and the premises were replevied by Butner and subsequently he dismissed the sequestration suit.

The effect of the appeal by Butner from the justice's judgment was to annul said judgment, and the case stood in the County Court for trial de novo, as if originally brought in said court, and not having been dismissed for some illegality or insufficiency in the manner of bringing it up, said justice's judgment had no legal force or effect, and this case stood alone upon its merits irrespective of the action of the Justice Court. (Bender v. Lockett, 64 Texas, 566; Moore v. Jordan, 65 Texas, 395; Roberts v. McCamant, 70 Texas, 743.)

We do not think the evidence on the merits of the case was such as warranted the court in giving a peremptory instruction to find for the defendant. There was conflicting testimony on the question as to the duration of the rental contract; the Butners testifying that

the Martins contracted for the premises by the month only, while Mrs. Martin testified, in effect, that the contract was for a year, for which she was to pay $25 and board the Butners. This conflict raised an issue that required the submission of the case to the jury for their determination. The judgment is reversed and the cause remanded.

*Reversed and remanded.*