PARKER v. WATT.    (No. 1483.)

(Court of Civil Appeals of Texas. Texarkana. May 28, 1915. Rehearing Denied June 24, 1915.)

1. JUSTICES OF THE PEACE ☞119—EXCEEDING JURISDICTION—AMOUNT—EXCESS.

A judgment of a justice of the peace, showing on its face that the value of property on which a chattel mortgage was foreclosed exceeded his jurisdiction, was void and unenforceable.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 373–376; Dec. Dig. ☞119.]

2. JUSTICES OF THE PEACE ☞147—APPEAL—JURISDICTION—VOID JUDGMENT.

Under Const. art. 5, § 16, providing that the county courts shall have jurisdiction of appeals from justices' courts, and Rev. St. art. 1950, providing that on appeal from inferior courts there shall be a trial de novo, the appellate jurisdiction of the county court attaches only where the justice might legally try the case; so that, on appeal from a judgment of the justice's court, void because in excess of jurisdiction, the county court was only authorized to order the dismissal of the appeal from the docket.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 493–501; Dec. Dig. ☞147.]

3. JUSTICES OF THE PEACE ☞128 — VOID JUDGMENT—INJUNCTION.

The remedy of a defendant against a judgment of a justice's court, void on its face for want of jurisdiction, is by injunction when such judgment is sought to be enforced or any benefit claimed under it.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 402–407; Dec. Dig. ☞128.]

4. COSTS ☞232—APPEAL—LOSING PARTY.

Appellant, attempting to appeal from a judgment of a justice's court not legally appealable to the court for want of jurisdiction of the justice, upon dismissal thereof, became the losing party in the appeal so as to entitle the appellee to his costs of appeal, not including the costs of the justice's court, but the costs after the filing of the appeal bond in the justice court, including a transcript therefrom; and, under Rev. St. art. 2038, allowing the court in its discretion to give or refuse costs on motion to dismiss, the county court was authorized to enter judgment awarding the costs to appellee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 877–883; Dec. Dig. ☞232.]

5. JUSTICES OF THE PEACE ☞163 — VOID JUDGMENT—EFFECT OF APPEAL BOND.

Where proceedings in a justice's court were a nullity because in excess of jurisdiction and afforded no ground for the county court's appellate jurisdiction, the filing of an appeal bond in the justice court did not avoid the judgment of the justice court, as it is only when an appeal is properly taken from a judgment of a justice's court in a case where it had original jurisdiction that the perfecting of an appeal avoids the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 606; Dec. Dig. ☞163.]

6. JUSTICES OF THE PEACE ☞166 — VOID JUDGMENT — DISMISSAL—CONSTRUCTION OF ORDER.

Where an appeal bond did not operate to vacate a judgment of a justice's court in excess of its jurisdiction, and the county court had no appellate jurisdiction, an order of the county court, declaring "that said cause be, and the same is hereby dismissed," would be construed merely as a dismissal, or a striking from the docket of the appeal as such.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 638–646; Dec. Dig. ☞166.]

7. APPEAL AND ERROR ☞1033—PARTY ENTITLED TO COMPLAIN—COSTS.

The fact that the county court, on dismissing an appeal from a void judgment of a justice's court, awarded such costs as "each" party incurred in the appeal was an adjudication favorable to that extent to appellant, of which he could not complain.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ☞1033.]

Appeal from Van Zandt County Court; C. L. Stanford, Judge.

Action by W. W. Watt against E. F. Parker and others. Judgment in the justice's court for plaintiff, and defendants appealed, and, from a judgment of the county court dismissing the appeal and awarding costs against defendant Parker, he appeals. Affirmed.

The appellee sued the appellant in the justice court for $99.10 as the balance due on an account, and to foreclose a mortgage lien on certain personal property given by the appellant to secure the indebtedness. Appellee, subsequent to the filing of the original suit, made the Eustace Mercantile Company and Jim Brewer parties defendant, alleging that they had converted a part of the mortgaged property, and asking for judgment against them for its value. Appellant, Parker, in his answer denied a portion of the account, and tendered the amount of money claimed by him to be all that was owing on the account. The other defendants denied purchase of the mortgaged property. Upon these issues the case went to trial before a jury in the justice court. The verdict of the jury was in favor of the plaintiff for $79.10, and with foreclosure of the mortgage lien on the property. The judgment of the justice court reads, omitting formal parts, as follows:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, W. W. Watt, do have and recover of the defendants the said sum of $79.10 and all costs of this suit; and, it appearing to the court that the plaintiff has a mortgage lien on one horse, $75, and four bales of cotton of the value of $234, the jury found plaintiff is entitled to a foreclosure, it is further ordered, adjudged, and decreed by the court that said mortgage lien be, and the same is hereby, foreclosed, and said property is hereby ordered sold to satisfy said sum of $79.10 and cost of suit, and if there is an excess, the same shall be paid over to defendant or his attorney, and if said property is not sufficient to satisfy the sum of $79.10 and cost, let execution issue for the shortage, and order of sale issue to sell said property."

A motion for new trial being overruled, the defendants appealed the case to the county court. The case was continued for one term of the county court. At the second term of the county court the defendants, appealing the case from the justice court, filed the following motion:

"Now come the defendants in the above entitled and numbered cause and represent to the court that this is an appealed case from justice precinct No. 2, Van Zandt county, Tex., and that the judgment below recites that it is a suit in that court to foreclose a mortgage lien on certain personal property, which is set out and described in the judgment, and that the value of the property upon which the mortgage was foreclosed shows to be over $300 and beyond the jurisdiction of the justice court, and defendants plead to the jurisdiction of this court and ask that the cause be dismissed for want of jurisdiction."

Appellee, admitting the want of jurisdiction, asked the court, by motion therefor, to tax the costs, which had been incurred since the filing of the appeal, against the defendant Parker. The county court granted the motion for dismissal, and in the order of dismissal, for reasons stated at length therein, awarded and imposed costs against each the plaintiff and the defendant Parker as incurred by them, respectively. The defendant Parker has appealed from the judgment requiring him to pay costs, and assigns error in respect thereto. Omitting the formal parts of the order of dismissal, and omitting the reasons stated by the county court for apportioning costs, the language of the order is:

"It is therefore ordered, adjudged, and decreed by the court that said cause be and the same is hereby dismissed. And it appearing to the court that the reason for taxing the costs as prayed for are true and in part sufficient in this, * * * it is therefore ordered, adjudged, and decreed by the court that the officers of this court do have and recover of and from the plaintiff, W. W. Watt, and the defendant E. F. Parker, respectively, the costs incurred by them, for which let execution issue."

E. P. Miller, of Athens, and Wynne, Wynne & Gilmore, of Wills Point, for appellant. R. M. Lively and M. G. Sanders, both of Canton, for appellee.

LEVY, J. (after stating the facts as above). The contention of appellant, predicated upon his assignment of error, that the county court erred in awarding and apportioning against him, as done, the costs which were incurred by him in appealing the case from the justice court, must, we conclude, be overruled in all matters.

[1] The record here admits that the justice court did not have original jurisdiction over the subject-matter because the admitted value of the mortgaged property exceeded $200, and that such lack of jurisdiction affirmatively appeared in the face of the justice's judgment. This being so, then there was no issue of fact respecting jurisdiction to be passed on by the county court in order to reach the conclusion that it had no jurisdiction. Therefore, as the judgment of the justice court was, as affirmatively shown on its face, void, as a matter of law, for want of jurisdiction over the subject-matter, it was, under sound fundamental principles of law, in all respects a legal nullity and unenforceable. Cooley's Con. Lim. (7th Ed.) p. 575; Mitchell v. Runkle, 25 Tex. Supp. 133.

[2] And in this clear condition of the record respecting jurisdiction of the justice court, the pertinent question is as to the power of the county court in respect to the appeal to it from such void judgment of the justice court. By the law of this state the object of an appeal from the justice court to the county court, and the extent of the authority of the county court in such appealed case, is to try the case anew on its merits, and not to review errors. Article 5, § 16, Const.; article 1950, R. S.; Carlisle v. Coffee & Price, 59 Tex. 391; Railway Co. v. Lemons (Civ. App.) 152 S. W. 1189. And, thus limited in its jurisdiction, as the county court is on appeal, to trial of the case anew on its merits, the jurisdiction of the county court can be invoked and attaches only in cases that the justice court may legally try, and cannot be invoked and cannot be acquired by appeal, as firmly settled, in cases where the justice court did not have original jurisdiction over the subject-matter. Aulanier v. Governor, 1 Tex. 653; Baker v. Chisholm, 3 Tex. 158; Davis v. Stewart, 4 Tex. 224; Wise v. Omalley, 60 Tex. 590; Heard v. Conly (Civ. App.) 50 S. W. 1047. Consequently, as the void proceedings of the justice court afforded no ground for jurisdiction, by appeal, in the county court, the county court would not have authority to pass on the judgment of the justice court and set it aside or adjudicate respecting it, and could only, as within its authority by an order in that particular, strike or dismiss the appeal from the docket. Able v. Bloomfield, 6 Tex. 263; Horan v. Wahrenberger, 9 Tex. 314, 58 Am. Dec. 145; Roeser v. Bellmer, 7 Tex. 1; Dazey v. Pennington, 10 Tex. Civ. App. 326, 31 S. W. 312.

[3] It is therefore plain that, as the county court had no jurisdiction to entertain the appeal in this case, no appeal lies in this case to the county court, and that the rem-

edy of the appellant against the void judgment, appearing so on its face, of the justice court does not necessitate an appeal, but was by injunction, when such judgment is sought to be enforced, or any benefit claimed under it. Chambers v. Hodges, 23 Tex. 110; Cooke v. Burnham, 32 Tex. 129; Smith v. Deweese, 41 Tex. 595; Glass v. Smith, 66 Tex. 548, 2 S. W. 195; Tucker v. Williams (Civ. App.) 56 S. W. 585; Harrison v. Lokey, 26 Tex. Civ. App. 404, 63 S. W. 1030; Railway Co. v. English (Civ. App.) 109 S. W. 424; Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303; 1 Freeman on Executions (3d Ed.) § 20.

[4] And attempting, as appellant did, to invoke the remedy of removing a case by appeal from the justice court to the county court that was not legally appealable to the county court for want of authority in the county court to entertain the appeal, and the consequent dismissal, by operation of law, from the county court of such unauthorized and ineffectual appeal, has the result, in fact and in legal effect, of making the appellant the losing and unsuccessful party in the proceeding of the appeal. He is in the same attitude in the particular proceeding as would be a plaintiff taking a nonsuit, or a plaintiff bringing an action in a court that has no original jurisdiction to try it, and is as much so an unsuccessful party regarding liability for the costs therefor. And it is the view in this state that when the county or district court dismisses an appeal to it for want of power to try the same, the successful party, as the legal result or effect of the adjudication in that particular, is entitled to his costs of appeal, and that the court has the authority, as an incident of the power to dismiss the appeal, to enter judgment awarding them to him. Roeser v. Bellmer, 7 Tex. 1; Wadsworth v. Chich, 55 Tex. 241; Baines v. Mensing, 75 Tex. 200, 12 S. W. 984; article 2038, R. S. The costs, however, it may be here intimated, that could be imposed in the county court, as within the authority of the county court, would be limited to the costs of the appeal, and cannot include the costs of the justice court as of hearing in that court. And to be explicit as affecting this record, the costs of appeal would include all such costs as were incurred from and after the filing of the appeal bond in the justice court, including transcript from the justice court, and would not include any costs involved in the hearing of the case in the justice court before and up to the time of filing the appeal bond.

[5] The phraseology of the judgment of the county court, and the assumption that the effect of filing the appeal bond in the justice court was to avoid the judgment of the justice court, seems to be a reason for the insistence that such judgment should be re-versed. And the construction that should properly be given the county court judgment is therefore involved. As the proceedings of the justice court were a legal nullity, and afforded no ground for jurisdiction, by appeal, in the county court, the filing of the appeal bond by appellant in the justice court did not, and necessarily so, operate to avoid the judgment of the justice court. It is only when an appeal is properly taken from the judgment of a justice court in a case that it had original jurisdiction to adjudicate that the perfecting of an appeal under the statutes operates to avoid the judgment of the justice court. Bender v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395; Tel. Co. v. McKee Bros. (Civ. App.) 135 S. W. 658; Martin v. Butner, 54 Tex. Civ. App. 223, 117 S. W. 442. But, as held in Roberts v. McCamant, 70 Tex. 743, 8 S. W. 543:

"If, however, it be a case, which cannot be appealed, or if the law for perfecting appeals be not complied with, we are of the opinion that the judgment remains in force, and upon a dismissal by the county court on the ground that it has not acquired jurisdiction of the case, it is the duty of the justice to issue execution upon the original judgment at the instance of the party in whose favor it is rendered." Cariker v. Dill (Civ. App.) 140 S. W. 841.

[6] Since the appeal bond did not in itself operate to vacate the justice's judgment, and as the county court, by appeal, had no jurisdiction, under the statute, over the case or the void judgment of the justice, the county court could only enter such judgment order as was within its authority to do. Consequently the order of decree will be construed so as to uphold the authority of the county court and its obvious intent. According to the record and the recitals in its judgment order the county court was intending in fact to pass judgment only on the motion of appellant to dismiss the appeal for want of authority to entertain it. And the verbiage of the judgment order "that said cause be, and the same is hereby, dismissed" must be considered, in view of what precedes it, as intending and having the effect simply as a dismissal or striking from the docket of the appeal as such. The word "cause," in view of what precedes it, is sufficiently comprehensive to include and truly represent the action of the court in dismissing the appeal.

[7] The fact that the county court awarded such costs as "each" party incurred in the appeal is an adjudication favorable to that extent to appellant, and of which he cannot well complain. It was proper for appellee to complain, which he does not do, that all the costs of the appeal, rather than a portion, were not taxed against the defendants attempting the appeal.

The judgment of the county court is affirmed.