### WOMACK v. PHILLIPS.  (No. 7855.)

(Court of Civil Appeals of Texas. Dallas. Jan. 12, 1918.)

JUSTICES OF THE PEACE ☞129(1), 166(5)—APPEAL—EFFECT OF DISMISSAL.

Dismissal by the county court of an appeal from a judgment of a justice court for less than $100, on the ground that the county court had no jurisdiction because the appeal bond had not been approved within the time required, was final and conclusive and revived the judgment of the justice so that it could not be attacked in suit to restrain execution thereon.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Proceedings by Joe Phillips against Z. T. Womack and another. Judgment for plain-

tiff, and the unnamed defendant appeals. Reversed and rendered.

W. A. Tarver, of Corsicana, for appellant.

RAINEY, C. J. On April 1, 1915, G. C. Holland recovered a judgment in the justice court, precinct No. 7 of Freestone county, Tex., against Joe Phillips for the sum of $93,90. Phillips gave notice of appeal, and on April 11, 1915, presented an appeal bond to Z. T. Womack, the justice of the peace of said precinct, in said case, which the said Womack refused to receive, approve, and file, stating that he did not attend to business on Sunday, but did thereafter, after the ten days had expired, mark it approved and filed, and send the papers up to the county court of Freestone county. Afterwards, the case coming on for hearing in the county court on September 27, 1915, a motion to dismiss the appeal was sustained, and the court decreed that:

"The same is returned to the justice court of justice precinct No. 7, Freestone county, Tex., to carry out the judgment of said justice court."

An appeal was then taken to this court, and same was dismissed for want of jurisdiction; the amount involved being less than $100.

In May, 1917, Joe Phillips instituted these proceedings to restrain Z. T. Womack, aforesaid justice of the peace, after making G. C. Holland a party defendant, from issuing an execution and enforcing said judgment. It was alleged in effect that, for reason of perfecting an appeal from said justice's judgment aforesaid, the dismissal thereof nullified said justice's judgment and it was void. The case was tried on the facts as stated, and judgment was awarded, restraining Womack and Holland from further proceeding under said judgment, and Holland appeals.

The trial judge found the facts to be substantially as heretofore stated, and also stated his conclusions of law; the second conclusion of law being as follows:

"The appeal having been legally perfected, the jurisdiction of the county court attached, as a matter of law, and it was mandatory upon the part of the judge of that court to try the case upon its merits. Whenever the duty of a court is clearly and unequivocally defined and fixed by law, although its consideration may involve the exercise of some judicial discretion, yet it is purely ministerial, and its performance cannot be arbitrarily avoided; nor avoided by the mistaken right of the exercise of judicial discretion. We conclude therefore that the action of the county judge, in dismissing the cause, was a nullity, and that the case is in effect still upon the docket of the county court."

The appellant has assailed the judgment of the lower court as erroneous, and contends, in effect, that the action of the county court of Freestone county in dismissing Phillips' appeal from the justice court's judgment was final and conclusive, and said judgment was revived and enforceable and not subject to attack as made in this action. We are of opinion that this contention of appellant is correct.

The precise point here involved was clearly decided by our Supreme Court in the case of Roberts v. McCamant, 70 Tex. 743, 8 S. W. 543, where the court, speaking through Mr. Justice Gaines, say:

"It is held that, when an appeal is properly taken from the judgment of a justice's court, it operates to avoid the judgment, and that a subsequent voluntary dismissal in the county court does not restore it to validity. Bender v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395. If, however, it be a case which cannot be appealed, or if the law for perfecting appeals be not complied with, we are of opinion that the judgment remains in force, and, upon a dismissal by the county court on the ground that it has not acquired jurisdiction of the case, it is the duty of the justice to issue execution upon the original judgment at the instance of the party in whose favor it is rendered. It seems to us that Roberts was entitled to his appeal, and he alleges in his petition that it was perfected. But the county court had jurisdiction to determine these questions, and it appears from the petition that it did determine that it did not have jurisdiction of the case, and dismissed the appeal on that ground. The judgment of the county court may be erroneous, but it is none the less conclusive until set aside by proper proceedings, and estops the appellant from saying that the case had been properly appealed. It follows, as we think, that the justice was authorized to issue execution for the amount recovered and the costs of his court."

See, also, Cariker v. Dill, 140 S. W. 843.

The injunction in this case will be dissolved, the judgment reversed, and judgment here rendered for appellant.