TEXAS NOVELTY ADVERTISING CO. v.
BAY TRADING CO. (No. 6083.)

(Court of Civil Appeals of Texas. San Antonio.
Nov. 6, 1918.     Rehearing Denied
Dec. 4, 1918.)

1. JUSTICES OF THE PEACE ⟐═206(1)—PETI-
TION FOR CERTIORARI—DISMISSAL—EFFECT.

Final judgment rendered by justice of the
peace, vacated when a petition for certiorari
was granted by county court, is not revived by
the dismissal of the cause by the county court.

2. INJUNCTION ⟐═118(4)—PLEADING.

In injunction suits, the material and essen-
tial elements which entitle plaintiff to relief
shall be sufficiently certain to negative every
reasonable inference arising from the facts so
stated, from which it might be deduced that he
might not under other supposable facts connect-
ed with the subject thus be entitled to relief.

3. INJUNCTION ⟐═26(4) — PROSECUTION OF
SUIT.

An injunction will not be granted to enjoin
further prosecution of a suit upon ground that
plaintiff recovered a judgment from a justice
of the peace in another county on the same
cause of action, where such judgment was va-
cated by a petition for certiorari granted by the
county court.

Appeal from District Court, Calhoun Coun-
ty; John M. Green, Judge.

Action by the Texas Novelty Advertising
Company against the Bay Trading Company.
Judgment for defendant, and plaintiffs ap-
peal. Affirmed.

C. C. Carsner, of Victoria, and Carey Leg-
gett, of Port Lavaca, for appellants.

SWEARINGEN, J. This is an appeal
by L. J. Thompson and D. W. Campbell,
composing the partnership styled the "Texas
Novelty Advertising Company," from an or-
der, made in chambers, by the judge of the
district court in the Twenty-Fourth judicial
district of Texas, refusing to enjoin the Bay
Trading Company, a corporation, from the
further prosecution of its suit pending in
the county court of Calhoun county, Tex.

From appellants' petition it appears that
they sued the Bay Trading Company in the
justice of the peace court in Hill county,
Tex., upon a written contract, and obtained
a judgment in that court; that the Bay
Trading Company petitioned the county court
of Hill county for a writ of certiorari, which
was granted and the transcript of the entries
was filed in the county court; that the cause
was dismissed by the county court of Hill
county after the writ of certiorari had been
granted.

The petition further alleges that the Bay
Trading Company filed a suit involving the
identical cause of action litigated as stated
above, in the justice of the peace court in
Calhoun county, Tex., obtained a judgment
in its favor in said Calhoun county, from
which the Texas Novelty Advertising Com-
pany appealed to the county court of Cal-
houn county, Tex.

The district court was petitioned by the
Texas Novelty Advertising Company to en-
join the Bay Trading Company from the
further prosecution of the suit thus appealed
by the Novelty Company to the county court
of Calhoun county, Tex. The prayer for this
injunction is that it "be made permanent, if
for no other reason than upon the maxim, 'It
is for the public good that there be an end
to contentions.'"

[1] Appellants contend in this court that
they have obtained a final judgment in the
cause of action, and that a court of equity
will protect them in the enjoyment of the
rights acquired by that final judgment and
restrain the parties bound by that judg-
ment from causing vexation by a multiplicity
of suits. This rule does not apply to the
facts of the case set forth in appellants' peti-
tion for the injunction, because the appel-
lants have no final judgment rendered in Hill
county. The justice of the peace did render
a final judgment, but this judgment was va-
cated when the county court of Hill county
granted the petition for a certiorari. The
subsequent dismissal of the cause by the
county court did not revive the judgment of
the justice of the peace of Hill county. Har-
ter v. Curry, 101 Tex. 188, 105 S. W. 988;
Harper v. Dawson, 167 S. W. 311; South-
western L. Corp. v. Neese, 161 S. W. 1090.

[2] If the certiorari was dismissed upon
one of the grounds provided by statute, and
a writ of procedendo ordered issued as pro-
vided by article 756, R. S. 1911, it could be
contended that the judgment of the justice's
court was in full effect as if no effort
had been made to take it to the county
court; but the petition for injunction leaves
the matter in doubt whether such a judgment
was entered or whether the cause was dis-
missed, and in fact the allegations tend more
strongly to show that the cause was dismiss-
ed than that the certiorari was dismissed.
Vernon's Sayles' Civ. St. art. 756; Roberts
v. McCamant, 70 Tex. 743, 8 S. W. 543;
Miller v. Holtz, 23 Tex. 138. "The rule of
pleading that the statements of a party are
to be taken most strongly against him is
reinforced in injunction suits by the further
requirement that the material and essential
elements which entitle him to relief shall be
sufficiently certain to negative every reason-
able inference arising upon the facts so stat-
ed, from which it might be deduced that he
might not under other supposable facts con-
nected with the subject thus be entitled to re-
lief." Schlinke v. De Witt County, 145 S.
W. 660, § 1, and authorities there cited.

It follows from the rule announced by the
authorities cited that the granting of the
writ of certiorari vacated the judgment of
the justice of the peace, and the dismissal by
the county court left the parties as they were
before any suit was ever filed in any court.

Under these conditions, the Bay Trading
Company has the legal right to have its con-

tention adjudicated by a court having jurisdiction of the cause alleged. This right was exercised by filing the suit in the justice court in Calhoun county, which suit was prosecuted to a final judgment in favor of the Bay Trading Company, but which judgment has been nullified by the appeal taken by the Novelty Company to the county court of Calhoun county, Tex., where it is now pending.

There is no allegation in appellants' petition for injunction that the justice of the peace court in Calhoun county did not have original jurisdiction of the cause, nor that the county court of Calhoun county was without appellate jurisdiction. In the absence of these allegations, we must hold that these last-mentioned courts did have jurisdiction.

The Constitution, art. 5, § 19, provides that justices of the peace shall have jurisdiction n civil matters of all cases where the amount in controversy is $200, or less, and article 5, § 16, provides that county courts shall have appellate jurisdiction in cases civil of which justices' courts have original jurisdiction, provided the judgment appealed from shall exceed $20. The amount of the judgment disclosed by appellants' petition for injunction is $95.

[3] Appellants' petition for injunction shows no facts that will confer upon the district court jurisdiction to enjoin the Bay Trading Company from prosecuting the cause appealed by appellants to a final judgment in the county court of Calhoun county. The judgment of the district court, appealed from, is correct.

The judgment is affirmed.