## MORRISON v. MORRISON.
### No. 1051.

Court of Civil Appeals of Texas. Waco. April 2, 1931.

Crane & Hartwell, of Raymondville, for appellant.

Mark Smith, of Waxahachie, for appellee.

BARCUS, J.

On April 22, 1930, appellee instituted this suit against appellant for a divorce and for the care and custody of their seven year old girl. Appellee alleged statutory grounds showing the district court of Ellis county had jurisdiction and facts that, if true, authorized the trial court to grant him a divorce and award him the custody of the child. Appellant filed pleas in abatement. She made no answer to appellee's suit for a divorce and the custody of the child. For pleas in abatement, she alleged the district court of Ellis county had no jurisdiction to hear and determine the case. First, she alleged that while she had not lived in Willacy county for six months next preceding said date, she had on February 20, 1930, filed suit for a divorce against appellee in the district court of said county and had in said suit asked for the custody and control of their child, and that she had prayed for and obtained in said suit a temporary writ of injunction against appellee restraining him from interfering with her care,

custody, and control of said child during the pendency of said suit. Second, she alleged that appellee had not been a resident citizen of Ellis county six months prior to the time he filed his suit for a divorce. The cause was tried to the court, and he overruled the pleas in abatement and granted appellee a divorce and the care and custody of the child, giving appellant the right to see and visit the child at all reasonable times.

■ There is no statement of facts nor findings of fact, none having been requested, filed with the record. Since it was necessary for the trial court to hear evidence in order to determine its jurisdiction and since it overruled the pleas in abatement and granted the divorce, in the absence of a statement of fact or findings of fact, it will be presumed the trial court had sufficient evidence before it to show that it had jurisdiction of the parties and to support the judgment. Gohlman, Lester & Co. v. Griffith (Tex. Com. App.) 245 S. W. 233; Saunders v. Saunders (Tex. Civ. App.) 293 S. W. 899; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063; Street v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 188 S. W. 725 (error ref.). In Cleveland v. Ward, supra, 116 Tex. 1, 285 S. W. column 1, page 1072, the Supreme Court specifically held that it was necessary to both seasonably allege and prove the pendency of another suit before a trial court would be authorized to sustain a plea in abatement by reason of the pendency of said suit. In Street v. J. I. Case Threshing Machine Co., supra, the court announced the same doctrine. While appellant attached to her pleas alleged copies of the pleadings filed in the district court of Collin county and Willacy county, there is nothing in the record to show that either of said suits were pending at the time this suit was tried in June, 1930. In her petition for a divorce filed in Willacy county, appellant alleged specifically that she had not been a resident of said county for six months. Our statutes provide, and our courts uniformly hold, that in order for a party to maintain a suit for a divorce, he must both allege and prove residence in the state for twelve months and in the county for six months next preceding the time of exhibiting his petition for a divorce. Article 4631, Revised Statutes; Lawler v. Lawler (Tex. Civ. App.) 15 S.W.(2d) 684, and authorities there cited.

Whether one spouse can file a suit in a district court against the other for the care and custody of their child prior to the time he can maintain a suit in said court for a divorce and thereby confer exclusive jurisdiction upon said court over said child, or whether another district court which has jurisdiction can, in a divorce suit thereafter filed by the other spouse, grant the divorce and award the child to the father or mother as it thinks wise as provided by article 4639 of the Re-

vised Statutes, are questions not necessary for us to, and we do not, determine.

Appellant's assignments of error and propositions are all overruled.

The judgment of the trial court is affirmed.