### REITER–FOSTER OIL CORPORATION v. BRADLEY.

#### No. 12459.

Court of Civil Appeals of Texas. Fort Worth.
April 25, 1931.

Rehearing Denied May 30, 1931.

Luther Hoffman and H. J. Bruce, both of Wichita Falls, and N. A. Gibson, of Tulsa, Okl., for appellant.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellee.

BUCK, J.

G. H. Bradley sued the Reiter-Foster Oil Corporation on June 20, 1928, and for cause of action pleaded that on June 1, 1927, the defendant, acting by and through its duly authorized agent, employed plaintiff to work for the defendant company for a period of one year at an agreed salary of $6,000 per annum, payable in 24 installments of $250 each, on the 1st and 15th of each calendar month. That on August 15, 1927, the defendant company discharged the plaintiff from its employment, without just cause, wherefore plaintiff sued for his damages.

The defendant filed an answer consisting of a general demurrer and a general denial, and specially pleaded that the plaintiff had violated and breached his said agreement and contract to perform the duties of his position satisfactorily, capably, and efficiently, and that he had failed to devote his entire time and attention to defendant's business; that he neglected and failed to acquaint and familiarize himself and keep himself informed of the physical conditions and needs of the oil properties under his charge; that he neglected, failed, and refused to give the defendant proper, accurate, and correct reports as to the condition of such properties and business, etc.

Defendant further pleaded that, if the said contract of employment should be found to be valid and enforceable in favor of plaintiff against defendant for the remainder of such contract year, plaintiff is not entitled to recover from defendant the amount prayed for in his petition, for the reason that from and after the discharge of plaintiff it was his legal duty and obligation to use all due and reasonable efforts and diligence, and in good faith to secure other employment during the remainder of such contract year, and that defendant was legally entitled to credit on any claim asserted by plaintiff for whatever sum or sums plaintiff did earn during the rest of the contract year, or could have earned or received as salary during the remainder of such contract year.

·Defendant in this suit further pleaded that on August 13, 1927, in the justice court of Throckmorton county, in a suit then pending between the Reiter-Foster Oil Corporation and G. H. Bradley, the defendant in the justice court pleaded this contract of employment which he, in this suit, says has been breached, as a defense against the suit for forcible entry and detainer. That the justice court overruled said plea and rendered judgment for the plaintiff in that suit and the defendant in this suit. Wherefore the defendant in this suit pleaded the justice court judgment as res adjudicata of the main issue presented in this suit.

To the defendant's answer, the plaintiff filed a rather lengthy rejoinder, consisting of a general demurrer and a general denial and various exceptions, some of which may be good.

In a second supplemental petition, the plaintiff denied that the matters and things pleaded in defendant's amended original answer were res adjudicata of the cause of action asserted in plaintiff's original petition, and further pleaded that from the judgment in the justice court for plaintiff in that suit, the defendant in this suit, the plaintiff in this suit gave bond and notice of appeal to the county court, and that long prior to the time the case was called for trial in the county court the defendant had vacated and voluntarily relinquished unto the plaintiff the possession of the premises in controversy, and on January 28, 1928, when the cause came for trial, his counsel stated to the court that he had vacated the premises and there was nothing between the parties, and that the court rendered judgment against the defendant in that suit for only the costs of suit, but did not render judgment for the possession of the premises. The county judgment was not pleaded by the defendant here as res adjudicata of the sums involved in this suit.

This case was tried on April 30, 1930, and the court submitted the cause to the jury on three special issues, which, together with their answers are hereinafter set out:

"1. Did the plaintiff, without justifiable cause, fail to carry out the instruction of his employer regarding the installation of by passes? Answer: No.

"2. Did the plaintiff, without justifiable cause, fail to carry out the instructions of his employer regarding the making and furnishing of reports as to the sands, wells and production of the employer? Answer: No.

"3. Did the plaintiff, without justifiable cause, fail to carry out the instructions of his employer regarding the changing of the pump strokes? Answer: No."

The court rendered judgment for plaintiff and against defendant for $3,450, together with costs, and from this judgment the defendant has appealed to this court.

■ We do not think that the plea of res adjudicata interposed by the defendant below was good. The defendant introduced in evidence the judgment of the justice court, and plaintiff below introduced in evidence the judgment of the county court, which latter judgment recited that the defendant's attorney stated that he would no longer deny the action of the Reiter-Foster Corporation, and no longer desired to contend for and contest the plaintiff's complaint for forcible entry and detainer. It was therefore decreed that plaintiff recover of defendant the cost in this behalf expended, and that a writ of restitution of the premises described in plaintiff's complaint of forcible entry and detainer need not issue since said defendant had surrendered said premises to plaintiff.

It has been decided many times that a justice court judgment from which an appeal has been taken to the county court has no longer any force and effect as a judgment. That such judgment is wholly nullified by the perfection of the appeal. As said by Justice Stayton in the case of Moore v. Jordan, 65 Tex. 395:

"An appeal from that judgment [speaking of justice court], by any party against whom it was rendered, annulled it. * * *

"The constitution provides that, in all appeals from justice's court, there shall be a trial de novo. An appeal from a judgment rendered in a justice's court does not merely suspend its execution until the determination of the cause in the appellate court, * * * but its effect is to annul the judgment. On such appeals, the appellate court does not affirm or reverse the judgment of the justice's court, but tries the case, de novo, on its merits, and renders such judgment as ought to be rendered."

See the case of Lasater v. Streetman, 154 S. W. 657, by Justice Dunklin of this court, and Harter v. Curry, 101 Tex. 187, 105 S. W. 988, by the Supreme Court on certified questions. Therefore we overrule the propositions involving the question of res adjudicata.

■■ Appellant in this court complains of the use of the expression "without justifiable cause" in the three issues submitted, because "as thus drawn the same are on the weight of the evidence." The defendant did not object to the use of said term before the submission of the issues to the jury, nor did he request that the expression be defined. No definition of this phrase was tendered to the trial court, the only objection that the appellant made was: "We reserve an objection to special issue No. 1 on the weight of the evidence, includes the term 'without justifiable cause.' We reserve the same objection to special issues Nos. 2 and 3." The objection is certainly indefi-

nite, and it is difficult to understand what the pleader meant. Certainly it cannot be construed as an objection that a definition of the phrase was not given. It has been held in Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, that the inclusion of a technical word or phrase in a charge without a definition thereof is such an affirmative error as can be reached by an objection thereto on such ground without the necessity of tendering a proper definition. But the objection must specifically point out the omission. Certainly the failure to give a definition is not fundamental error, to be raised for the first time on appeal. If appellant desired such phrase defined, it should have tendered a definition thereof or should have specifically told the court that he had included a phrase which should be defined. We overrule this proposition.

■ Proposition 5 reads: "This being a suit for damages for the breach of an employment contract, no judgment could be rendered by the court in the absence of a finding by the jury on the amount of such damage."

If the defendant below desired a finding as to the amount of damages plaintiff had suffered, it could have submitted such issue for the jury. The evidence was practically undisputed as to the execution of the contract, and the amount of salary to be paid, and the amount of compensation paid by defendant, and the amount of salary still due.

The evidence in this case amply supports the implied finding of the court that the damages suffered by plaintiff below amounted to $3,450.

For the reasons stated, the judgment below is affirmed.