**CAMPBELL v. KNOX et al.**

No. 989.

Court of Civil Appeals of Texas. Eastland.

June 24, 1932.

Rehearing Denied Sept. 16, 1932.

Smith & Smith, of Anson, for appellant.

Thomas & Thomas, of Anson, for appellees.

LESLIE, J.

Appellant T. K. Campbell undertook to perfect his statement of facts in this case by a mandamus proceeding which reached this court and was passed upon by an opinion to be found in 43 S.W.(2d) 315, styled T. K. Campbell v. W. R. Chapman. Said Campbell recovered twelve judgments in the justice court, precinct No. 1, Jones county, Tex., against the Fort Worth & Denver City Railway Company. The judgments were by default and the amount involved in each case greater than $20 and less than $100. The defendant removed the first seven cases to the county court by certiorari and the next five by direct appeals.

Each cause came on for trial in the county court. Campbell moved that court to dismiss the applications for and writs of certiorari. An amicus curiæ affidavit was filed in each case, presenting the contention or issue that the justice court had no jurisdiction over the person of the defendant to try either of said cases and render judgment. The county court held that all the cases were properly before it, and it refused to dismiss the seven cases brought up by certiorari. Upon the issue raised by the affidavit of amicus curiæ the court heard the testimony and held that the justice court, as a matter of fact, had no jurisdiction over the person of the defendant to render any of the judgments. From the testimony the court found that the person served, and alleged by the plaintiff to be the agent of the railway company, was never in fact such agent. On reaching this conclusion the county court held that each judgment in the justice court was void and that the county court, under the circumstances, had no jurisdiction on appeal and the removal of said cases thereto. Accordingly it dismissed each case.

Thereafter, Knox, the justice of the peace. appellee here, at the instance of the appellant, issued an execution on each of the said judgments to, Jones county. They were returned, "No property found," and the justice of the peace then issued an execution in each case directing the same to the sheriff of Clay county for execution, but after delivering them to that officer he countermanded the same. Thereupon the appellant Campbell filed this application for a writ of mandatory injunction : (1) Directing said justice of the peace to deliver said executions to him or the sheriff of Clay county for execution, or issue twelve other such executions and so deliver them ; and (2) restraining the county clerk of Jones county from issuing executions for costs in each of the twelve cases dismissed by the judgment of the county court.

When the petition or application in the instant case was filed, it was set down for hearing on a day of the regular term of court, and after a full hearing the trial court refused to grant the relief prayed for. Campbell appeals and predicates the same upon a single assignment of error, by which, in effect, he contends that, upon the pleadings and the evidence adduced, the court erred in the ruling made.

This assignment and its supporting propositions require that the correctness of the judgment appealed from be tested by testimony. By having recourse to the purported statement of facts we find that on the trial of the case many instruments and portions of court records were offered by the plaintiff and considered in evidence, among them citations in justice court, appeal bonds, certiorari bonds, transcript from justice court, amicus curiæ affidavits, judgments in county court, executions from justice court—in fact, "all records in all courts in all of these cases."

However, the purported statement of facts in the instant case contains neither these instruments, etc., nor a statement of their substance and effect. The official court reporter, in making up the statement, certifies the same as correct and complete, "with the exception that no original exhibits were handed to me, and instructions were given me by * * *, attorney for plaintiff, not to copy them in this record." It is believed that this exception covers every bit of material testimony offered on the trial. It is doubtful if the other statements contained in the purported statement of facts have any significance as testimony. If this be true. the appellant is here without a statement of facts and without findings of fact by the trial court. In the absence of a statement of facts the appellate court cannot determine questions depending upon the sufficiency of the evidence, and where there is neither

statement of facts nor findings by the trial court, it will be presumed that the evidence was sufficient to support the judgment. Bradley v. Jones (Tex. Civ. App.) 38 S.W.(2d) 877; Morrison v. Morrison (Tex. Civ. App.) 37 S.W.(2d) 764; 3 Tex. Jur. p. 540, §§ 379, 380.

If we be in the least mistaken in the conclusion that the purported statement of facts contains no material testimony, then it is certain that the testimony contained therein fails to show that the trial court erred in any respect in entering the judgment appealed from. It follows that the assignment of error must be overruled.

Aside from any statement of facts, plaintiff's pleadings fail to state a case entitling him to the mandatory writ prayed for. In the application he alleges: "That the judgment of the justice court in each of the above described twelve cases showed upon its face to be regular in form and substance, and that the justice court assumed jurisdiction of the cause." In the first paragraph of the application the plaintiff alleged that he recovered seven of the judgments by default on October 5, 1930, and the other five by default December 22, 1930. In the second paragraph he alleged: "On the 21st day of November, 1930, the Fort Worth & Denver City Railway Company secured a writ of certiorari and removed the above described and numbered seven default judgments from the Justice Court of Precinct No. 1 to the County Court of Jones County, Texas. On January 1st, 1931, the Fort Worth & Denver City Railway Company filed its appeal bond with the Justice of the Peace of Precinct No. 1 and appealed from the justice court to the county court the above described default judgments."

From these and other allegations in appellant's pleadings it appears that the justice court had: (1) Original jurisdiction of the cases; (2) that it heard the cases, and upon what appeared to be due service and proper return, rendered judgments "regular in form and substance"; (3) that each of the judgments were final; and (4) that, based upon an appeal or certiorari bond, each case was regularly moved to and filed in the county court. In other words, the appeals were properly perfected.

■ Under these facts, and in view of such proceedings, the judgments in the justice court were vacated. It has been held that, when an appeal is properly taken from the judgment of the justice court in a case that it had original jurisdiction to adjudicate, the perfecting of an appeal under the statute operates to avoid the judgment of the justice court. Bender Bros. v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395; Harter v. Curry (Tex. Civ. App.) 103 S. W.

445; Id., 101 Tex. 187, 105 S. W. 988; Harper v. Dawson (Tex. Civ. App.) 167 S. W. 311; Western Union Telegraph Company v. McKee Bros. (Tex. Civ. App.) 135 S. W. 658; Parker v. Watt (Tex. Civ. App.) 178 S. W. 718; Texas Novelty Advertising Co. v. Bay Trading Co. (Tex. Civ. App.) 206 S. W. 729; Martin v. Butner, 54 Tex. Civ. App. 223, 117 S. W. 442; Reiter-Foster Oil Corp. v. Bradley (Tex. Civ. App.) 41 S.W.(2d) 298.

■ Said judgments in the justice court having been abrogated, the action of the county court in dismissing the cases did not have the effect of restoring said judgments to validity. They were not revitalized by the action of the county court. The opinions above so hold, and especially those to be found in 103, 105, 167, and 206 Southwestern.

It would be immaterial whether it be said that the county court dismissed the cases or dismissed the appeal, so far as concerns the effect of the appeals upon the judgments of the justice court. Western Union Telegraph Co. v. McKee Bros., supra.

■ To rid itself of said judgments in the justice court it was imperative that the defendant appeal the cases or remove them by certiorari to the county court for a retrial. With such judgments in response to sufficient pleadings and officer's proper return, the defendant had no remedy by injunction. An injunction will not be granted to take the place of an appeal. Hetkes v. Gehret (Tex. Civ. App.) 16 S.W.(2d) 395; A. B. Richards Medicine Co., Inc., v. Johnson (Tex. Civ. App.) 267 S. W. 1067; Svoboda v. Alexander (Tex. Com. App.) 3 S.W.(2d) 423.

The defendant pursued its legal remedy by appeal and certiorari. No other course was open to it, and in doing so the judgments of the justice court were set at naught.

The appellant, in support of his contention that the dismissal of the cases in the county court left the judgments in the justice court in full force and effect, cites and relies upon Parker v. Watt (Tex. Civ. App.) 178 S. W. 718; Roberts v. McCamant, 70 Tex. 743, 8 S. W. 543; Kingsley v. Schmicker (Tex. Civ. App.) 60 S. W. 331, 332; Harter v. Curry, 101 Tex. 187, 103 S. W. 988, 989; Jameson v. Smith, 19 Tex. Civ. App. 90, 46 S. W. 864; Cariker v. Dill (Tex. Civ. App.) 140 S. W. 843. We have carefully read and studied these authorities, and it is believed that they, practically without exception, hold that in such cases the judgment of a justice court remains intact in two classes of cases: (1) Where no appeal lies from the justice court to the county court. Parker v. Watt (Tex. Civ. App.) 178 S. W. 718; Roberts v. McCamant, 70 Tex. 743, 8 S. W. 543; Kingsley v. Schmicker (Tex. Civ. App.) 60 S. W. 331, 332. And (2) where the law for perfecting such an appeal has not been complied with. Rob-

806

erts v. McCamant, supra; Bender v. Lockett, 64 Tex. 566; Harter v. Curry (Tex. Civ. App.) 103 S. W. 445; Cariker v. Dill (Tex. Civ. App.) 140 S. W. 843. However, such authorities would have no application to the facts of this case, since no question of insufficiency or irregularity in the respects mentioned is raised. Bender v. Lockett, supra. If any authority cited by the appellant does not fall within the classes mentioned, and is not otherwise discussed, it is not considered in point on the proposition considered.

Further, it will be observed in this case that the appellant neither contends that the twelve justice court cases were not appealable to the county court, nor that they were not properly appealed. Neither does he claim that they were dismissed from the county court because they were nonappealable, or because the appeals were not perfected in accordance with law. As disclosed by his application for mandatory injunction, the appellant Campbell, in prosecuting this suit, is in the attitude of seeking to compel the justice of the peace to issue executions on judgments in cases which by his pleadings he admits were regularly removed to the county court by certiorari and appeal, the effect of which was to and did abrogate the judgments appealed from.

In this situation we think the trial court did not err in refusing the injunction.

For the reasons assigned the judgment of the trial court is affirmed.